**Michael Hughes ATKINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0248–94.**

Court of Criminal Appeals of Texas, En Banc.

May 1, 1996.

---

Abe Factor, Robert Ford, Fort Worth, for appellant.

Steven W. Conder, Assist. Dist. Atty., Fort Worth, Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

MEYERS, Judge.

Appellant was convicted by a jury of driving while intoxicated (DWI) based partly on a chemical analysis of his breath which indicated that he had an alcohol concentration of .10 or more while operating a motor vehicle. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (West Supp.1994). The trial judge assessed his punishment at confinement for 120 days and a $500 fine, probated over two years. On direct review, the Second Court of Appeals held that the trial judge should have told the jury to disregard evidence of alcohol concentration in appellant's system if the chemical analysis was administered in violation of Department of Public Safety (DPS) regulations. Because the Court also held that the error was not harmless by Rule 81(b)(2) standards, it reversed appellant's conviction and re-

manded the cause for a new trial. *See* Tex. R.App.Proc. 81(b)(2). *Atkinson v. State*, 871 S.W.2d 252, 257 (Tex.App.—Fort Worth 1994). We granted the State's petition for discretionary review to answer two questions: (1) whether instructing the jury conditionally to disregard the breath analysis would have been an impermissible comment on the weight of the evidence, and (2) if not, whether the Court of Appeals applied the correct standard for evaluating harm arising from failure to give such an instruction.

## I.

█ Evidence obtained in violation of the law must be excluded from jury consideration in criminal cases on request of the defendant. Tex.Code Crim.Proc. art. 38.23. The judge should withhold such evidence from the jury altogether when it is inadmissible purely as a matter of law. *Lackey v. State*, 638 S.W.2d 439, 454 (Tex.Crim.App. 1982). But, when there are disputed issues of fact affecting the legality of its seizure, the question of exclusion may be tried to the jury. *Marrs v. State*, 647 S.W.2d 286 (Tex. Crim.App.1983); *Chaires v. State*, 480 S.W.2d 196 (Tex.Crim.App.1972). In such event, the judge must include in his final charge an instruction that, if the jury "believes, or has a reasonable doubt, that the evidence was obtained in violation of . . . any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, . . . then and in such event, the jury shall disregard any such evidence so obtained." Tex.Code Crim.Proc. art. 38.23; *Reynolds v. State*, 848 S.W.2d 148 (Tex.Crim.App.1993); *Hall v. State*, 649 S.W.2d 627 (Tex.Crim.App.1983).

█ Whether the results of tests performed by law enforcement officers to determine the concentration of alcohol in a person's system may be received in evidence at

a criminal trial is controlled by a statute, which provides in pertinent part that "[a]nalysis of a specimen of the person's breath, to be considered valid . . ., must be performed according to rules of the Texas Department of Public Safety[.]" Texas Rev.Civ.Stat.Ann. art. 6701*l*–5, § 3(a), (b) (West Supp.1995). Rules adopted by the DPS to implement this statute include the requirement that a technician continuously observe the person tested for at least 15 minutes before administering him the test. *See* 37 Tex.Admin.Code § 19.3. Because the evidence adduced at trial in the instant cause raised an issue of fact whether the person who tested appellant complied with this rule, appellant requested that the court's final charge to the jury include the following instruction.[1]

> You are instructed that under our law in order to be considered valid, a chemical test must be performed according to the rules and regulations governing such test by the Department of Public Safety concerning proper techniques and methodology.

Included in those regulations are:

> (1) continuous observation of the person tested for a minimum of fifteen (15) minutes prior to the actual test;

> .    .    .    .    .

> If you have found beyond a reasonable doubt that each of these regulations were complied with you may consider such test and give it whatever weight you choose.

> If you do not so find or if you have a reasonable doubt as to whether these regulations were complied with you may not consider said test for any purpose and shall not refer to it further in your deliberations.

█ The State argues that this instruction, if given, would have amounted to a

---

1. The State argues that article 38.23 does not authorize a jury instruction under the circumstances presented by this case because the violation of an agency regulation is not the same as a violation of law. Of course, it is clear from our precedents that mere noncompliance with administrative agency rules does not provide a basis for the exclusion of evidence under article 38.23. *See Henrich v. State*, 694 S.W.2d 341

(Tex.Crim.App.1985); *Pannell v. State*, 666 S.W.2d 96 (Tex.Crim.App.1984). But, in the present context, it is a statute which expressly holds evidence to have been obtained illegally when gathered in violation of certain agency regulations. It is therefore clear that the results of the breath test administered to appellant were obtained inconsistently with the law if obtained inconsistently with DPS regulations.

comment on the weight of the evidence,[2] in violation of article 36.14 of the Code of Criminal Procedure, which provides that,

> ... in each felony case and in each misdemeanor case tried in a court of record, the judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury.

*See also* Tex.Code Crim.Proc. art. 38.05 (trial judge may not, "at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.")

We have interpreted the prohibition against judicial comment contained in these statutes to forbid any discussion by the trial judge in the jury's presence of evidence adduced at trial which might suggest to the jury the judge's personal estimation of the strength or credibility of such evidence or which might tend to emphasize such evidence by repetition or recapitulation. *Hathorn v. State,* 848 S.W.2d 101, 114 (Tex.Crim.App. 1992) (jury charge may not assume truth of facts in issue); *Caldwell v. State,* 818 S.W.2d 790 (Tex.Crim.App.1991) (jury charge may not single out a part of the evidence relevant to an issue of fact and indicate what result should follow if such evidence is believed); *Zani v. State,* 758 S.W.2d 233, 245 (Tex.Crim. App.1988) (jury charge may not call attention to some of the evidence when the law does

not prescribe that such evidence should receive special consideration by the jury); *Browning v. State,* 720 S.W.2d 504 (Tex. Crim.App.1986) (jury charge may not create a presumption not authorized by statute); *Waller v. State,* 581 S.W.2d 483, 484 (Tex. Crim.App.1979) (panel opinion, reh'g en banc denied) (jury charge may not create an affirmative defense not authorized by statute). This rule assures independence of the jury in its role as trier of the facts, a role long regarded by Texans as essential to the preservation of their liberties. *See Walker v. State,* 823 S.W.2d 247, 250 n. 2 (Tex.Crim. App.1991) (Clinton, J., concurring).

But there are clearly circumstances in which the judge must call the jury's attention to certain evidence in order to accomplish other, equally important objectives of the law. For example, our law sometimes provides that certain facts may be presumed from proof of other facts and that the jury should be instructed accordingly when the evidence will support a finding of such other facts. Yet it would be futile to instruct the jury on the effect of a statutory presumption if the judge were not allowed specifically to identify in his instructions the evidence giving rise to it. *See Easdon v. State,* 552 S.W.2d 153, 155–56 (Tex.Crim.App.1977) (jury instruction on former statutory presumption that intoxication may be inferred from alcohol concentration is not an impermissible judicial comment on the weight of evidence). Likewise, the receipt of evidence for a limited purpose would be impossible were the judge forbidden to indicate to the jury which evidence was subject to such limitation. *Taylor v. State,* 50 Tex.Crim. 560,

---

**2.** We observe that, in addition to the instruction as to "continuous observation" under the DPS regulations, the requested charge contained other matters on which appellant was not entitled to have the jury instructed. While a specifically requested instruction is sufficient to preserve trial error for review so long as it calls attention to an error or omission in the proposed instructions, *Stiles v. State,* 520 S.W.2d 894 (Tex.Crim. App.1975), not every complex requested instruction containing some material to which a party is entitled must be examined by the trial court to discover such material, *Cunningham v. State,* 73 Tex.Crim. 565, 166 S.W. 519 (1914). The Court of Appeals in this case focused exclusively on the portion of the instructions as to "continuous ob-

servation" and did not address the fact that it was included within a larger instruction containing material to which appellant was not entitled to have the jury instructed. The State argues only that the "continuous observation" instruction was a comment on the weight of the evidence and does not complain of the Court of Appeals' failure to address the fact that it was offered together with material to which appellant would not have been entitled. Nor did the State make that argument in responding to appellant's brief before the Court of Appeals. We therefore consider the instructions as the Court of Appeals did and focus only on the instruction as to "continuous observation."

100 S.W. 393 (1907). Because jurors are bound to receive the law from the court, judges must have authority to inform jurors of any special legal consequences which follow from the receipt of particular evidence and of any contingencies to which the receipt of such evidence is subject under the law.

■ These considerations apply equally to the question presented in this case. When the law specifically assigns to jurors the task of deciding whether certain evidence may be considered, as it does under article 38.23, it is essential that jurors be told exactly what evidence is in question. Otherwise, they cannot pass upon its admissibility. While this procedure may have the incidental effect of emphasizing certain evidence to the jury, that consequence simply cannot be avoided in a system which vests the jury with authority to decide some questions of admissibility. Were we to implement the prohibition against judicial comment as the State suggests, there could never be another jury instruction submitted under authority of article 38.23. Accordingly, we hold that a jury instruction which identifies evidence requiring special jury consideration under the law, and which sets out the law governing such consideration, does not violate the article 36.14 prohibition against judicial comment so long as it does not intimate that the jury should resolve any fact question in a certain way or that any of the evidence bearing upon such a fact question should be given greater weight or credibility than other evidence bearing on the same question.

By this reckoning, it is clear that the instruction requested by appellant in the instant cause was not an impermissible comment on the evidence. The State does not even imply that such requested instruction went further than to identify the evidence about which a question was raised under article 38.23, and to inform the jury accurately of the circumstances under which such evidence could legally be considered on the question of appellant's guilt. In particular, the State does not argue that the requested instruction effectively encouraged the jury to find in appellant's favor on the question of admissibility, as in *Thomas v. State*, 723 S.W.2d 696 (Tex.Crim.App.1986), or to consider only some of the evidence affecting that question, as in *Stone v. State*, 703 S.W.2d 652 (Tex.Crim.App.1986). *Cf. Moody v. State*, 827 S.W.2d 875, 879 (Tex.Crim.App.1992) (judicial comment on evidence does not ordinarily present reversible error unless "reasonably calculated to benefit the State or prejudice appellant.") Rather, the State claims only that the requested instruction might have diverted the jury's attention from other issues in the case, such as appellant's operation of a motor vehicle and the degree to which his mental or physical capacity was reduced by consumption of alcohol.

While there may be some marginal possibility that, had the jurors in this case been properly instructed under article 38.23 as appellant requested, they would have focused so intently on whether some of the evidence was obtained illegally that they might entirely have forgotten to evaluate the relative strength and credibility of other evidence in the case, we think such possibility to be exceedingly remote. In any case, we are not at liberty to authorize withholding from jurors some of the issues entrusted by law to their consideration in order to promote a more attentive consideration of the others. Jurors are obliged to decide all of the issues which the law entrusts to them, including in some cases whether evidence was obtained in violation of the law. The jury instruction requested by appellant in this case was drawn in such a way as to submit this issue without suggesting to the jury how it should be resolved. That is the best that can be expected of any jury instruction under our law. Accordingly, the Court of Appeals did not err to hold that the trial judge should have included it in his charge to the jury.

II.

Until recently, the erroneous refusal of a trial judge to submit a jury instruction under article 38.23 over objection of the defendant was considered to require reversal of any ensuing conviction without need of a separate inquiry into the harmfulness of the error. *Stone*, 703 S.W.2d at 655; *Murphy v. State*, 640 S.W.2d 297 (Tex.Crim.App.1982); *Jordan v. State*, 562 S.W.2d 472, 473 (Tex.Crim.App. 1978). But we have lately indicated that a

harm analysis is appropriate in this context and have remanded for such an analysis in the lower appellate court. *Reynolds,* 848 S.W.2d at 149–50. We have not, however, made it clear how such a analysis should be done.

Our system of jurisprudence includes a number of different rules which can fairly be described as implementing the harmless error doctrine. Two of the most significant are rule 81(b)(2) of the Rules of Appellate Procedure and article 36.19 of the Code of Criminal Procedure. These two rules differ significantly, both in their language and in the manner we have implemented them. For this reason, the outcome of a harm analysis in the instant cause might well depend upon which harmless error rule controls it.

The State argued on direct appeal of this case that the error, if any, in refusing appellant's requested jury instruction should be found harmless because the evidence was sufficient to establish his guilt without relying upon proof of alcohol concentration in his system. In other words, because appellant was prosecuted under multiple theories of DWI, and because the evidence was sufficient under one of those theories to authorize conviction on account of his physical impairment from alcohol consumption and not because of high alcohol concentration in his system, the State argued that failure to give appellant's requested jury instruction was harmless. On discretionary review, the State now complains that the Court of Appeals, because it assessed harmfulness of the error under rule 81(b)(2) instead of article 36.19, erroneously failed to address this argument.

Rule 81(b)(2) provides that convictions must be reversed for trial error unless the appellate court is convinced beyond reasonable doubt that the error "made no contribution to the verdict or the punishment." Whether evidence sufficiently establishes guilt is not ordinarily dispositive of the harmless error analysis prescribed by this rule. Although we were once inclined to gauge harmfulness of trial error by such a standard, often inquiring in our opinions whether evidence in the case overwhelmingly established guilt, we have since rejected this method of assessing harm in the 81(b)(2)

context. *Harris v. State,* 790 S.W.2d 568, 584–88 (Tex.Crim.App.1989).

The fact that evidence is sufficient in contemplation of the law to prove an allegation does not assure that a particular jury will actually convict. Persons accused of crimes are entitled to have the facts decided, not by appellate judges measuring the rationality of a hypothetical verdict, but by real jurors whose job it is to render a verdict based on the evidence as they see it personally. Such jurors are not required by law to find, and might not find in fact, that the evidence is persuasive enough in a given case to establish the alleged offense by the requisite standard of proof, even if the evidence is legally sufficient for them to do so. *Abdnor v. State,* 871 S.W.2d 726 (Tex.Crim.App.1994).

Accordingly, where the standard of harm is whether the record on appeal justifies a conclusion beyond reasonable doubt that the error made no contribution whatsoever to the actual verdict, it is largely irrelevant that the evidence sufficiently, or even overwhelmingly, supports the verdict. We are concerned with the effect of the error upon real jurors, and it would not be proper to assume that an error at trial had absolutely no impact upon them just because the evidence was otherwise sufficient for a finding of guilt.

But, where jury instructions fail to comply with the requirements of articles 36.14 through 36.18 of the Code of Criminal Procedure, the law prescribes a very different method for assessing harmfulness of the error or irregularity, admonishing appellate courts that "the judgment shall not be reversed unless the error appearing from the record was calculated to injure rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." Tex.Code Crim.Proc. art. 36.19. Unlike Rule 81(b)(2), this statute places the burden on the defendant to show from the record that the error about which he complains on appeal actually harmed him. *Arline v. State,* 721 S.W.2d 348 (Tex.Crim. App.1986). It also suggests a somewhat different methodology for measuring harm by focussing more on the trial as a whole and less on the contribution of a single event.

*See Black v. State,* 723 S.W.2d 674, 675 n. 2 (Tex.Crim.App.1986).

█ Although article 36.19 does not on its face purport to cover violations of article 38.23, we think it clear that the requirement of article 36.14 that the court's charge include all law "applicable to the case" subsumes the requirement of article 38.23 that a requested instruction to determine the admissibility of evidence be given whenever an issue of fact affecting the admissibility of such evidence is raised. The law applicable to a case plainly includes laws from any source concerning which a jury instruction is necessary for resolution of the factual issues presented. Accordingly, we now expressly hold that the harmless error rule of article 36.19 applies to the appellate review of errors predicated upon a disregard of the article 38.23 requirement of a jury instruction concerning evidence allegedly obtained in violation of the law. The Court of Appeals thus erred in the instant cause to assess the harmfulness of such error according to the standard prescribed by rule 81(b)(2).

█ Our precedents under article 36.19, as authoritatively construed in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985) (opinion on rehearing), make it clear that, unlike errors subject to review under rule 81(b)(2), the harmfulness of error in a jury charge should be measured, at least in part, against the likelihood that the jury's verdict was actually based upon an alternative available theory of culpability not affected by erroneous portions of the charge. *Govan v. State,* 682 S.W.2d 567 (Tex.Crim.App.1985); *Brown v. State,* 716 S.W.2d 939, 945–46 (Tex. Crim.App.1986); *Black,* 723 S.W.2d at 675; *Johnson v. State,* 739 S.W.2d 299 (Tex.Crim. App.1987) (plurality opinion); *Scott v. State,* 768 S.W.2d 308, 309–10 (Tex.Crim.App.1989). Clearly, it was the State's contention in the Court of Appeals that error should be measured against such a standard in the instant cause. Consequently, because this methodology is prescribed by our case law for the assessment of harmfulness under article 36.19, at least in some contexts, the Court of Appeals also erred not to address the State's argument calling for an assessment of harm in this way.

We express no opinion here concerning the tension between our harmless error methodologies under rule 81(b)(2) and article 36.19, as the question in not now before us. The Court of Appeals has not yet decided, in addressing the State's arguments, whether *Govan* and its progeny control or are distinguishable in the present context. However, because the Court of Appeals did not take article 36.19 as its guide in assaying harm, and because it is clear that article 36.19 prescribes the applicable test for determining the harmfulness of error in a jury charge, we vacate the lower court's judgment and remand for it to consider the question of harm under that statute.

MANSFIELD, J., dissents.

McCORMICK, P.J., dissenting on state's petition for discretionary review.

Today a majority of this Court requires a trial judge under Article 38.23, V.A.C.C.P., to include a defendant's requested instruction as to the admissibility of evidence in the jury charge even though the evidence was clearly admissible and the conditions upon which the defendant wanted the instruction were simply predicate questions to the admissibility of the evidence. To this proposition, I dissent.

At trial appellant requested that the following instruction, in its entirety, be included in the charge to the jury:

"You are instructed that under our law in order to be considered valid, a chemical test must be performed according to the rules and regulations governing such test by the Department of Public Safety concerning proper techniques and methodology.

"Included in those regulations are:

(1) continuous observation of the person tested for a minimum of fifteen (15) minutes prior to the actual test;

(2) operating the reference sample device by blowing through it to see that the bubbling is reduced;

(3) checking the temperature to determine if it is 34 degrees plus or minus 2 degrees;

(4) keeping the breath tube housed inside the machine until the subject is required to give a sample.

"If you have found beyond a reasonable doubt that each of these regulations were complied with you may consider such test and give it whatever weight that you choose.

"If you do not so find or if you have a reasonable doubt as to whether these regulations were complied with you may not consider said test for any purpose and shall not refer to it in your deliberations." *Atkinson v. State*, 871 S.W.2d 252, 253 (Tex.App.—Ft. Worth 1994).

The trial judge found that the above requested charge impermissibly commented on the weight of the evidence and denied the requested charge. The Court of Appeals held that the trial court erred by refusing to include the requested instruction in the jury charge, and that the error harmed appellant. *Id.* at 257. They, accordingly, reversed the decision of the trial court and remanded the cause for a new trial.

We granted the State's petition for discretionary review in order to address the following questions for review: (1) whether the Court of Appeals correctly determined that appellant's requested instruction was not a comment on the evidence, and (2) whether the Court of Appeals applied the correct standard in determining that appellant suffered actual harm from the denial of his instruction.

The majority now uses the old version[1] of 37 Tex.Admin.Code Section 19.3(i), which is a Department of Public Safety requirement that a technician continuously observe the person tested for at least 15 minutes before administering him the test along with Article 6701*l*-5, Section 3(a), (b), V.A.C.S. (West Supp.1995), which states in part "[a]nalysis of a specimen of the person's breath, to be

considered valid ..., must be performed according to the rules of the Texas Department of Public Safety[.]", and Article 38.23, V.A.C.C.P., to hold that appellant was entitled to his requested instruction.

Article 38.23(a), V.A.C.C.P. provides: "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or the Constitution or laws of the United States of America, shall be *admitted* in evidence against the accused on the trial of any criminal case. In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." Article 6701*l*-5, Section 3(a), V.A.C.S., states in part that "[a]nalysis of a specimen of the person's breath, to be considered *valid* ..., must be performed according to the rules of the Texas Department of Public Safety...." (emphasis added). Validity of evidence goes to the weight or credibility of that evidence. *See Slagle v. State*, 570 S.W.2d 916, 919 (Tex.Cr.App.1978); *Ray v. State*, 749 S.W.2d 939, 944 (Tex.App.—San Antonio 1988); *Kaufman v. State*, 632 S.W.2d 685, 688 (Tex. App.—Eastland 1982, pet. ref'd). Admissibility under Article 38.23 goes to the legality of the seizure of the evidence. *See* Article 38.23, V.A.C.C.P. It is a far stretch indeed to hold that because an officer has his back to a defendant for a second or two[2] during the 15 minute time period required by a Department of Public Safety Regulation[3] that this amounts to a possible illegal seizure under Article 38.23 upon which the jury should be charged. The dispute involving the 15 minute observation goes to the validity, credibility, and weight of the evidence, but in no way to the legality of its seizure.

---

**1.** 37 Tex.Admin.Code Sec. 19.3(i) now states in part: "An operator shall remain in the presence of the subject at least 15 minutes before the test and should exercise reasonable care to ensure that the subject does not place any substances in the mouth. Direct observation is no longer necessary to ensure the validity or accuracy of the test result." This provision became effective November 30, 1990.

**2.** This in fact was the situation in this case.

**3.** Which as stated in footnote 1 above has since been changed to require only the presence of the officer for 15 minutes "to *ensure the validity or accuracy* of the test result." (emphasis added).

Hence, any charge like the one appellant requested would be an impermissible comment on the validity, credibility, or weight of that evidence in that it singles out that piece of evidence for heightened jury scrutiny. *See Caldwell v. State,* 818 S.W.2d 790 (Tex. Cr.App.1991).

Further, the majority does not address the other three predicate questions [4] which were included in appellant's requested charge. The Court of Appeals held that appellant's *requested instruction* was not an impermissible comment on the weight of the evidence and that it was error for the trial judge not to include it in the jury charge. We granted the State's petition for discretionary review in order to answer in part "whether the Court of Appeals correctly determined that the appellant's *requested instruction* was not a comment on the evidence." (emphasis added). However, the majority conveniently ignores the entire requested charge, plucks one portion of it out, and interprets a term contrary to its plain meaning.

I would hold that appellant's requested charge was an impermissible comment on the weight of the evidence and reverse the judgment of the Court of Appeals and remand to them to address the appellant's remaining point of error.[5] To the majority's decision to do otherwise, I dissent.

WHITE and KELLER, JJ., join.

---

**4.** Operating the reference sample device by blowing through it to see that the bubbling is reduced, checking the temperature to determine if it is 34 degrees plus or minus 2 degrees, or keeping the breath tube housed inside the machine until the subject is required to give a sample are simply predicate questions asked by the prosecutor in order that the results of the intoxilyzer will be admitted into evidence by the trial judge. They are not constitutional, statutorial, or even regulatory in nature. I can find no authority, and the majority opinion cites none, for the proposition of submitting a jury charge on any predicate question that the defendant requests. This is preposterous.

**5.** Appellant's second point of error on appeal to the Court of Appeals is that the trial court improperly admitted the intoxilyzer test results into evidence because the State failed to lay the proper predicate for admission. It is clear from this point of error that even appellant recognizes the difference between validity and admissibility.