Affirmed and Memorandum Opinion filed October 30, 2003














Affirmed and
Memorandum Opinion filed October 30, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-01092-CR

_______________

 

ERIC DAVID
LOFLAND, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________________________________

 

On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 883,805

________________________________________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Eric David Lofland
appeals a conviction for capital murder[1] on several
grounds.  We affirm.




Accomplice Witness Testimony

            Appellant’s first point of error
argues that the State’s case is based entirely upon the testimony of accomplice
witnesses, John Downing and Alvin Johnson, which is not corroborated by other
evidence tending to connect appellant to the charged offense.

            A conviction cannot be had upon the
testimony of an accomplice unless corroborated by other evidence tending to
connect the defendant with the offense committed; and the corroboration is not
sufficient if it merely shows the commission of the offense.  Tex.
Code Crim. Proc. Ann. art. 38.14 (Vernon
1979).  However, to satisfy the
corroboration requirement, the non-accomplice evidence need not be sufficient,
in itself, to support a conviction.  Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).

            In this case, the record contains
the following non-accomplice evidence. 
George Kitchell testified that: (1) before the
offense, appellant and several others gathered around Tate Robinson while he
was describing the plan to “jack” the victims; (2) after Robinson got off the
phone with one of the victims and said “Let’s go,” six of the group, including
appellant, decided that Johnson would drive appellant’s truck and left; (3) two
people rode in each of three separate cars; and (4) appellant “looked like” he
wanted to participate in the robbery.[2]  Daniel Romanowski,
a bystander at the crime scene, testified to hearing six gunshots and seeing a
white arm, holding a rifle, protruding from the passenger side of a blue
truck.  He also saw fire coming out of
the rifle.  Deputy Gary Wilson, a Harris
County Sheriff’s Department patrol officer, testified that he found ten rifle
shell casings in the parking lot where the shooting occurred.  Salvador Ruelas,
one of the victims, testified that: he had made over thirty drug deals with
Robinson; he had set up such a drug deal for the night the murder occurred;
and, of the three cars that pulled into the parking lot as part of the
purported drug transaction, one was a little blue truck with two white people
inside.[3]  Harris County Sheriff’s Deputy Joseph O’Leary
testified that Daniel Garza, the victim who later died, had stated that the
people who shot him had been in a blue low-rider Ford.  Finally, appellant was arrested driving a
blue Ford pickup. 

            Because this non-accomplice evidence
shows that: (1) appellant was in the group who went with Robinson to “jack” the
victims; (2) appellant agreed to let Johnson drive his truck; (3) a white
passenger in a blue Ford truck fired a rifle at the victim who eventually died;
and (4) appellant was arrested in a blue Ford truck, it tends to connect
appellant with the offense. Therefore, appellant’s first point of error is
overruled.

Charge on
Defense of a Third Person

            Appellant’s
second point of error contends that the trial court erred by denying his
requested jury charge instruction on the right to use deadly force to defend a
third person.

            A defendant is entitled to an
instruction on a defensive issue where: (1) he timely requests an instruction
on that specific theory; and (2) the evidence raises the issue.  Rogers v. State, 105 S.W.3d 630, 639 (Tex. Crim. App. 2003).  A
person is justified in using deadly force against another to protect a third
person if, among other things, the actor reasonably believes that his
intervention is immediately necessary to protect the third person from unlawful
deadly force.  Tex. Pen. Code Ann. § 9.33 (Vernon
2003).  In this case, appellant argues
that the instruction on defense of a third person was raised by evidence that
all three victims were armed with loaded guns; Robinson got into the victims’
car and then ran from it; and after the shooting, Robinson told Johnson that
the victims had pulled a gun on him.

            However, by the time appellant began
firing his gun, none of the evidence suggests that it was necessary to protect
Robinson as he had already safely returned to his vehicle, the victims were
attempting to leave the parking lot, and none of the victims were either aiming
or shooting guns at Robinson.  Because
the evidence did not, therefore, raise the issue, the trial court did not err
in refusing to instruct the jury on defense of a third party, and appellant’s
second point of error is overruled.

Comment on
Failure to Testify

            Appellant’s third point of error
argues that the trial court erred by denying his motion for mistrial after the
prosecutor allegedly commented during jury argument on appellant’s failure to
testify:

[Y]ou can look at the four corners of this entire charge; and
you will not see anything in reference to self-defense.  You will not. 
What does that mean? It means that there
has not been any evidence presented to you in reference to self-defense.

(emphasis
added).  The trial court sustained
appellant’s objection to this comment and instructed the jury to disregard it,
but denied appellant’s motion for mistrial.

            Prosecutorial comment that refers to
an accused’s failure to testify violates his
constitutional and statutory privileges against self-incrimination.  See
Canales v. State, 98 S.W.3d 690, 695 (Tex. Crim.
App. 2003), petition for cert. filed,
___ U.S.L.W. ___ (U.S. Aug. 19, 2003) (No. 03-6044); Tex.Code Crim. Proc. Ann. art. 38.08 (Vernon 1979).  However, the comment must clearly refer to
the accused’s failure to testify, and it is not
sufficient if it might be construed as an implied or indirect allusion.  Canales, 98 S.W.3d at 695.  The test
is whether the language used was manifestly intended, or was of such a
character that the jury would 
necessarily and naturally take it, as a comment on the accused’s failure to testify.  Id.  A prosecutor may comment on the defendant’s
failure to produce witnesses and evidence so long as the remark does not fault
the defendant for exercising his right not to testify.  Jackson
v. State, 17 S.W.3d 664, 674 (Tex. Crim. App.
2000).

            In addition, in all but the most
blatant examples, an instruction by the trial court to disregard a comment on
the failure of the accused to testify will cure the prejudicial effect.  Moore
v. State, 999 S.W.2d 385, 405 (Tex. Crim. App.
1999).  The denial of a request for
mistrial is reviewed for abuse of discretion.  Wood v. State, 18 S.W.3d
642, 648 (Tex. Crim. App. 2000).

            In this case, appellant contends
that the prosecutor’s remark was a comment on his failure to testify because it
called the jury’s attention to the absence of evidence that only his testimony
could supply.  However, under the facts
of this case, there were several participants in, and bystanders to, the events
in question.  Therefore, if self-defense
evidence existed, appellant has not shown why it could not have come from
witnesses other than appellant, such that it was evidence only his testimony
could supply.  Moreover, even if the
prosecutor’s statement had been a comment on appellant’s failure to testify, it
was not so inflammatory that the trial court’s instruction to disregard could
not have removed any prejudicial effect.[4]  Accordingly, the trial court did not abuse
its discretion in denying appellant’s request for a mistrial, and appellant’s
third point of error is overruled.

Argument
Outside the Record

            Appellant’s fourth and fifth points
of error argue that the trial court erred by denying his motions for mistrial
based on each of the following (separate) portions of the prosecutor’s closing
argument being outside the record:

And you
might wonder why they didn’t try and get the dope, why they didn’t try to get
the money [out of the victim’s vehicle after it went into the ditch]?  That’s
because it’s a busy roadway.

You know if
they [the victims] would have fired, there would have been shell casings.  You know when they recovered the [victim’s]
gun out of the ditch that night, with all the con — where the contents of the
vehicle dumped over, the gun was cold.  Deputy Garvey stated he didn’t feel that it
was fired.

(emphases
added).  For each statement, the trial
court sustained appellant’s objection but denied his request for an instruction
to disregard and for a mistrial.

            Proper jury argument includes: (1)
summation of the evidence presented at trial; (2) reasonable deduction drawn
from that evidence; (3) answering the opposing counsel’s argument; and (4) a
plea for law enforcement.  Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). 
Even when an argument exceeds these permissible bounds, it will not
constitute reversible error unless, in light of the record as a whole, the
argument is extreme or manifestly improper, violative
of a mandatory statute, or injects new facts harmful to the accused into the
trial proceeding.  Id.

            Regarding the first statement,
above, appellant objected on the ground that there was no evidence it was a
busy roadway.  However, Johnson had
testified that the road along which the victims’ vehicle had gone into a ditch
was a busy roadway and that there was an entrance ramp to the freeway
nearby.  Deputy Wilson similarly
testified that the parking lot in which the shooting occurred was located in a
“Y” intersection between West Little York and Highway 290, at an overpass.  Because the record thus contains evidence
supporting the statement that it was a busy roadway, the first comment was not
outside the record.

            As to the second statement,
appellant’s “objection” (to the last sentence) was that “They didn’t say - he
said the gun was cold.”  Although this
statement was correct regarding what Garvey had said, the record contains no
direct evidence that a victim’s gun was ever fired but does contain evidence
that: (1) no shell casings from a victim’s gun were ever found in the parking
lot where the shooting occurred or the area around where the victims’ vehicle
went into the ditch; and (2) the victim’s gun that was found (cold) was still
fully loaded with live ammunition. 
Therefore, the second statement was outside the record only in being
attributed to Garvey.  Under the
circumstances, a discrepancy of such small magnitude, and for which an
objection had been sustained, did not warrant a mistrial.  Accordingly, appellant’s fourth and fifth
points of error are overruled.

Comment on
Weight of the Evidence

            Appellant’s sixth issue contends
that the trial judge commented on the weight of the evidence by sustaining the
State’s objection to appellant’s closing argument, challenging the credibility
of co-defendant Alvin Johnson because he had made a deal to enter a guilty plea
and had something to gain by testifying for the State in order to receive more
favorable sentencing.  The State objected
to this argument on the ground that there was no deal between Johnson and the
State for him to testify, i.e., the
argument was outside the record, and the trial court sustained the objection
without comment or elaboration.  Because
appellant’s brief does not contend that, or cite to any portion of the record
where, evidence of any such deal was admitted, and because appellant cites no
authority holding that sustaining a valid objection to an argument, without
more, can amount to a comment on the weight of the evidence, this point of
error affords no basis for relief and is overruled.

Instruction
on Voluntary Intoxication

            Appellant’s seventh issue complains
that the trial court’s jury instruction, over his objection, that voluntary
intoxication did not constitute a defense to the commission of a crime,[5] was
not raised by the evidence and was a comment on the weight of the evidence,[6]
suggesting that he was intoxicated and thus more likely to commit the offense.

            With regard to the first contention,
that the instruction was not raised by the evidence, an instruction on
voluntary intoxication is appropriate if there is any evidence from any source
that might lead a jury to conclude that the defendant’s intoxication excused
his actions.  Taylor v. State, 885 S.W.2d 154, 158 (Tex. Crim. App. 1994). 
Therefore, such an instruction is appropriate whenever the evidence
raises an issue whether the accused was voluntarily intoxicated at the time he
committed the offense. Id at 159 (Clinton, J., concurring).  In this case, the evidence shows that
appellant was drinking beer before the commission of the crime, and that most
of the people who were then with him were also doing so, smoking marijuana, or
both.  This evidence raised an issue of
appellant’s possible voluntary intoxication.

            As to the second contention, that
the instruction was a comment on the weight of the evidence, appellant relies
on Matamoros,[7]
which recognized that even a seemingly neutral instruction about a particular
type of evidence may constitute an impermissible comment on the weight of the
evidence because it singles out the piece of evidence for special
attention.  However, Atkinson[8]
clarified that a jury instruction that identifies evidence requiring special
jury consideration under the law, and that sets out the law governing such
consideration, does not violate the prohibition against judicial comment, so
long as it does not intimate that the jury should resolve any fact question in
a certain way or that any of the evidence bearing upon such a fact question
should be given greater weight or credibility than other evidence bearing on
the same question.

            Because the voluntary intoxication
instruction in this case was raised by the evidence, identified evidence
requiring special jury consideration under the law, set out the law governing
such consideration, and did not intimate that any fact issue should be resolved
in any certain way or that any evidence be given any greater weight or
credibility, it was not a comment on the weight of the evidence.  Accordingly, appellant’s seventh point of
error is overruled, and the judgment of the trial court is affirmed.

 

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed October
 30, 2003.

Panel consists of Justices Edelman,
Frost, and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).

 

 











[1]           A jury convicted appellant of
capital murder, and the trial court assessed punishment at life imprisonment. 





[2]           Kitchell was not an
accomplice to the offense because, although he was present when Robinson
discussed his plan, Kitchell stayed behind when the
others left and did not participate in the offense.  See Rodriguez v. State, 104 S.W.3d 87, 91 (Tex. Crim. App. 2003) (noting that a person is an accomplice if
he participates before, during, or after the commission of a crime and can be
prosecuted for the same offense as the defendant or a lesser-included offense).





[3]           The order delivering appellant to
the Department of Criminal Justice reflects appellant’s race as “W,” which
would have been apparent to the jury from viewing him in the courtroom during
trial.





[4]           See
Fuentes v. State, 991 S.W.2d 267, 275 (Tex. Crim. App.
1999).





[5]           See Tex. Pen. Code Ann. § 8.04(a) (Vernon
2003).





[6]           See Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon Supp. 2003) (prohibiting trial court, in delivering charge to jury,
from expressing any opinion as to the weight of the evidence, summing up the
testimony, discussing the facts, or using any argument in the charge calculated
to arouse the sympathy or excite the passions of the jury); id. art. 38.05 (Vernon 1979)
(prohibiting trial court, at any stage before a return of the verdict, from
making any remark calculated to convey to the jury its opinion of the case); Whaley v. State, 717 S.W.2d 26, 32 (Tex.
Crim. App. 1986) (stating that a charge that assumes
the truth of a controverted issue is an erroneous
comment on the weight of the evidence).





[7]           See Matamoros v. State, 901 S.W.2d 470, 477 (Tex. Crim. App. 1995).





[8]           See Atkinson v. State, 923 S.W.2d 21, 25
(Tex. Crim. App. 1996), overruled on other grounds by Motilla v. State, 78 S.W.3d 352 (Tex. Crim. App.
2002).