**PHONG XUAN DAO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–10–00369–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 14, 2011.

---

Bob Wicoff, Houston, for appellant.

Patricia Lykos, Houston, for state.

Panel consists of Justices BROWN, BOYCE, and JAMISON.

## OPINION

JEFFREY V. BROWN, Justice.

Appellant Phong Xuan Dao was found guilty by a jury of the misdemeanor offense of driving while intoxicated. ("DWI"), and the trial judge sentenced him to three days' confinement in the Harris County Jail, probated for fifteen months. In a single issue, Dao contends the trial court erred by not including a requested jury instruction under Texas Code of Criminal Procedure article 38.23 that would have informed the jury that it was to disregard evidence of Dao's field-sobriety tests if it found that such tests were conducted in an unconstitutional manner due to a language barrier between the officer and Dao. We affirm.

I

Shortly after 2:00 a.m. on October 7, 2009, Houston Police Officer Tony Tomeo was on patrol when he noticed a Toyota Sienna minivan traveling west on Westheimer Road with a flat tire and without the headlights illuminated. He also saw that the vehicle's driver was having difficulty remaining within his lane of traffic, and at one point, he almost struck another vehicle.

Tomeo stopped the vehicle, which Dao was driving, and requested Dao's driver's license. Instead of a driver's license, Dao handed Tomeo a credit card. Dao told Tomeo that he had been at a birthday party and had "three or four beers" between 6:30 p.m. and 8:00 p.m. Tomeo also noticed a "strong odor of alcoholic beverage" when he approached Dao. When Tomeo asked Dao to step out of the vehicle, he noticed that Dao had trouble keeping his balance and had to hold onto the vehicle's door to keep from falling.

Tomeo asked Dao to perform several field-sobriety tests, including the horizontal-gaze-nystagmus ("HGN") test, the walk-and-turn test, and the one-leg-stand test. Dao performed poorly on these tests. Based on the totality of his observations, Tomeo determined that Dao was intoxicated. Tomeo then drove Dao to a downtown police station to obtain a valid breath sample.

At the station, Dao was shown a videotape in Vietnamese of the statutory warnings concerning the consequences of accepting or declining the request for a breath sample. Dao agreed to provide a breath sample, but the officer who operated the intoxilyzer instrument was unable to obtain a sufficient breath sample because Dao failed to perform the test as instructed. Dao was then instructed to perform several field-sobriety tests while his performance was recorded on videotape. Dao again performed poorly on the tests.

Tomeo testified at Dao's trial that, at the scene, he and Dao were able to understand each other without any difficulty, and he saw no need to call for a Vietnamese-speaking officer. Tomeo stated that it was only after he began videotaping Dao that Dao appeared to have difficulty understanding English. Tomeo also testified that the first time he heard Dao say that he did not understand English was when he received the breath-sample instructions at the station. On cross-examination, however, Tomeo recalled that Dao had earlier stated that he "could not understand" the instructions during the walk-and-turn test at the scene, and told Tomeo during the one-leg-stand test that he did not speak English "very good." Tomeo agreed that a person's ability to perform field-sobriety tests could be compromised if the person has difficulty understanding the English language.

The officer who administered the intoxilyzer test to Dao, Officer Joshua Hattan, also testified at trial. Hattan explained that after Dao viewed the statutory warnings and agreed to provide a breath sample, Hattan conducted the required fifteen-minute observation of Dao before administering the test. During this time, Hattan conversed with Dao and another officer. Hattan testified that, although he could not remember the details of what they discussed, Dao was "actively engaged" in the conversation and "forming full complete thoughts in English." Hattan then told Dao how to perform the test, but Dao did not blow into the intoxilyzer instrument's mouthpiece sufficiently and with enough force to obtain an accurate reading. Hattan testified that Dao understood his instructions, but failed to comply with them. He also testified that he did not believe that a language barrier was a problem, although he did demonstrate or reiterate the instructions for Dao after he initially failed to comply to ensure that Dao understood the instructions.

Hattan also testified that he conducted the HGN test on Dao at the station, and he "observed all six clues" for HGN, indicating that Dao was too intoxicated to safely operate a vehicle. Hattan also noted that that there was a distinct odor of an alcoholic beverage coming from Dao's breath, he was very talkative, had slurred speech, red, glassy eyes, and he appeared to not have normal balance. Hattan opined that, based on all of his observations, Dao was intoxicated.

The defense presented one witness, Truong Tran, Dao's friend of ten years. Tran testified that he and Dao mostly communicated in Vietnamese, but Dao could understand English "[i]n general." Tran saw Dao at the birthday party Dao attended shortly before he was arrested. Although Tran did not remember exactly how many beers he saw Dao drink at the birthday party, he thought it was "about two." On cross-examination, Tran acknowledged that Dao had taken one or two years of classes at Houston Community College. When asked what classes Dao took, Tran testified, "[c]lasses—some English class, I don't know." He also confirmed that Houston Community College does not offer classes in Vietnamese.

At the charge conference, Dao's counsel requested that the jury be instructed on two issues: (1) the reasonable suspicion to stop Dao's vehicle, and (2) the "asking and taking of Standardized Field Sobriety Tests based on the language barrier of Mr. Dao" in violation of his constitutional rights. The trial court agreed to the first request and denied the second.

## II

### A

Texas Code of Criminal Procedure article 38.23 provides that "[n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or law of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." Tex.Code Crim. Proc. 38.23(a). Thus, the exclusionary language of article 38.23(a) applies only if an officer or other person obtains evidence in violation of either the constitutions or the laws of the United States or the State of Texas. *State v. Toone,* 872 S.W.2d 750, 751 (Tex. Crim.App.1994).

■ The primary purpose of article 38.23(a) is to deter unlawful actions which violate the rights of criminal suspects. *Carroll v. State,* 911 S.W.2d 210, 221 (Tex. App.-Austin 1995, no pet.). The Court of Criminal Appeals has explained that a defendant's right to the submission of an article–38.23 jury instruction is limited to instances in which there are affirmatively disputed issues of fact that are material to the claim of a constitutional or statutory violation that would make the disputed evidence inadmissible. *Madden v. State,* 242 S.W.3d 504, 510 (Tex.Crim.App.2007). In reviewing alleged charge error, we must first determine whether error actually exists in the charge, and second, if error

is found, whether sufficient harm resulted from the error to require reversal. *Ngo v. State,* 175 S.W.3d 738, 743–44 (Tex.Crim. App.2005).

### B

■ Dao acknowledges that the Court of Criminal Appeals has held that field-sobriety tests do not violate the privilege against self-incrimination, as they yield physical evidence of a suspect's mental and physical faculties rather than an express or implied assertion of fact. *Gassaway v. State,* 957 S.W.2d 48, 51 (Tex.Crim.App. 1997). Dao also concedes that Officer Tomeo had a right to conduct the field-sobriety tests. *See Thomas v. State,* 723 S.W.2d 696, 705 (Tex.Crim.App.1986) (noting that the State has a right to compel physical evidence of intoxication). He argues, however, that the "threshold issue" in this case is "whether it is an unconstitutional or illegal violation of a person's rights to present incriminating evidence that has been obtained from him due to his failure to understand English." Specifically, Dao complains that the field-sobriety tests should have been administered in a manner that comported with "fundamental due process," i.e., in a language Dao understood, and if a fact issue was raised as to whether Dao's inability to perform the tests was due to his inability to understand English rather than intoxication, then he was entitled to an article–38.23 instruction informing the jury that they should exclude the evidence of the field sobriety tests if they concluded that a constitutional violation occurred in obtaining the evidence.

Dao does not cite any relevant authority to support his contention that a suspect's due-process rights under either the Texas or United States constitutions could be violated if field-sobriety tests are not performed in the suspect's first, or preferred,

language, or that a violation of this right would require the exclusion of any evidence obtained from the field-sobriety tests. Additionally, this court is not aware of, and has not located, any such authority to support Dao's contention.

In his brief, Dao relies on a single case, *Atkinson v. State*, 923 S.W.2d 21 (Tex. Crim.App.1996), *overruled on other grounds by Motilla v. State*, 78 S.W.3d 352 (Tex.Crim.App.2002). In *Atkinson*, the defendant was convicted of DWI, based in part on a chemical analysis of his breath. *Id.* at 22. The defendant contended there was a fact issue concerning whether the officers complied with the rules established by the Texas Department of Public Safety when they administered the breath test. *Id.* The court held that the defendant was entitled to an article–38.23 instruction, explaining that although "mere noncompliance with administrative agency rules does not provide a basis for the exclusion of evidence under article 38.23," in the defendant's case, a state statute expressly provided that evidence not obtained according to agency rules was illegally obtained. *Id.* at 23 & n. 1. But *Atkinson* is not analogous to Dao's case and does not advance his contention because Dao does not identify any Texas or federal statute similarly providing that the results of field-sobriety tests are illegally obtained unless they are performed in a person's first, or preferred, language.

We therefore overrule Dao's sole issue and affirm the trial court's judgment.

\*     \*     \*

The trial court's judgment is affirmed.