**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

11/06/15

**DORIAN E. RAMIREZ, CLERK**
**BY** cholloway

ACCEPTED
13-15-00200-cr
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/6/2015 11:14:44 AM
Dorian E. Ramirez
CLERK

13-15-00200-CR

## IN THE COURT OF APPEALS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/6/2015 11:14:44 AM
DORIAN E. RAMIREZ
Clerk

## FOR THE 13TH JUDICIAL DISTRICT

## AT CORPUS CHRISTI, TEXAS

### FRANK SERRATA A/K/A FRANCISCO SERRATA
### APPELLANT

vs.

### THE STATE OF TEXAS,
### APPELLEE

## ON APPEAL FROM THE 117th JUDICIAL DISTRICT COURT
## OF THE NUECES COUNTY, TEXAS
## TRIAL COURT CASE NUMBER 14-CR-1205-B

_____

### AMENDED APPELLANT'S BRIEF

_____

Fred Jimenez
Law Offices of Fred Jimenez
509 Lawrence, Suite 301
Corpus Christi, TX 78401
Tel. 361-888-7744
Fax. 361-888-6018
State Bar Number 10667300

13-15-00200-CR

IN THE COURT OF APPEALS

FOR THE 13TH JUDICIAL DISTRICT

AT CORPUS CHRISTI, TEXAS

FRANK SERRATA A/K/A FRANCISCO SERRATA
APPELLANT

vs.

THE STATE OF TEXAS,
APPELLEE

ON APPEAL FROM THE 117th JUDICIAL DISTRICT COURT
OF THE NUECES COUNTY, TEXAS
TRIAL COURT CASE NUMBER 14-CR-1205-B

APPELLANT'S BRIEF

Fred Jimenez
Law Offices of Fred Jimenez
509 Lawrence, Suite 301
Corpus Christi, TX 78401
Tel. 361-888-7744
Fax. 361-888-6018
State Bar Number 1066

# NOTICE OF PARTIES

The following parties have an interest in this case and their names are provided to this court so that the members of this Court may appropriately exercise their judgment in seeking to recuse themselves in the event of a conflict of interest.

**Parties:**

The State of Texas, Appellee

Frank Serrata, Defendant/Appellant

**Attorneys for the Parties:**

Fred Jimenez
509 Lawrence, Suite 301
Corpus Christi, TX 78401
Tel. 361-888-7744

Hon. Emiliano "Milo" Fragoso
Assistant District Attorney
901 Leopard, room 206
Corpus Christi, TX 78401
Tel. 361-888-0410

# TABLE OF CONTENTS

Page

Notice of Parties.................................................................3

Table of Contents..............................................................4

Table of Authorities..........................................................5

Preliminary Statement........................................................6

Statement of the Facts........................................................7

Issue 1 Presented...............................................................8

Summary of the Argument...................................................9

Argument and Authorities...................................................9

**ISSUE 1: WHETHER THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S OBJECTION TO EVIDENCE BECAUSE IT WAS IN VIOLATION OF THE FOURTH AMENDMENT.**

Issue 2 Presented..............................................................10

Summary of the Argument..................................................10

Argument and Authorities..................................................10

**ISSUE 2: WHETHER THE TRIAL COURT ERRED IN DENYING THE REQUESTED JURY INSTRUCTION PURSUANT TO ARTICLE 38.23(a) OF THE CODE OF CRIMINAL PROCEDURE.**

Prayer for Relief.............................................................11

Certificate of Service.......................................................12

# TABLE OF AUTHORITIES

## Constitution

U.S. Const. Amend. IV..................................................................................9

## Federal

Whiteley V. Warden, 401 U.S. 560, 566 (1971)......................................9

## State

Atkinson v. State, 923 S.W.2d 21, 23 (Tex.Crim.App. 1996)....….................11

Brown v. State, 481 S.W.2d 106, 110 (Tex.Crim.App. 1972)........................9

Eisenhauer v. State, 754 S.W.2d 159, 164 (Tex.Crim.App. 1988)....................9

Howard v. State, 599 S.W.2d 597, 604 – 05 (Tex.Crim.App. 1979)................10

Russell v. State, 717 S.W.2d 7, 9-10 (Tex.Crim.App. 1986).............................9

## Texas Codes and Statutes

Tex. Code Crim. Proc. Ann. art. 38.23(a)........................................................10

TO THE HONORABLE JUDGES OF SAID COURT:

Comes now, Frank Serrata, hereinafter referred to as Appellant, who submits this brief, pursuant to the provisions of the Texas Rules of Appellate Procedure, in support of this request for a new trial and other remedies in Cause No. 14-CR-1205-B.

## PRELIMINARY STATEMENT

In the instant case, the State charged Appellant in a one count indictment of possession of a controlled substance (cocaine) penalty group 1/less than 1 gram, a state jail felony punishable as a second-degree felony. CR, p. 5. The indictment specifically alleged that on April 5, 2014, in Nueces County, Texas, the defendant intentionally, or knowingly possess controlled substance, namely, cocaine, in an amount of less than 1 gram. CR, p.5. The indictment further alleged that the defendant had previously been convicted of unauthorized use of a motor vehicle on January 28, 1991 in the in the 347th District Court of Nueces County, Texas, and of burglary of a habitation on May 25, 2006 in the 36th District Court of San Patricio County, Texas. CR, p.5, 6. Appellant was convicted by a jury. CR, p. 53. On March 17, 2015, the Court assessed punishment at 7 years in the Institutional Division of the Texas Department of Criminal Justice. CR, p. 53. The defendant filed his Notice of Appeal on April 13, 2015. CR, p. 57. Appellant appeals his conviction and sentence.

## STATEMENT OF THE FACTS

This case involves a traffic stop by a Robstown police officer and a subsequent discovery of small amounts of cocaine. Officer John Garcia testified that he was a police officer for the Robstown Police Department. R, V5, p. 5. He was on duty the night of April 5, 2014, working the graveyard shift. He testified he noticed a vehicle traveling at a high rate of speed. His radar was on at the time. The radar indicated that the vehicle was traveling at 70 mph in a 55 mph speed zone. R, V5, p. 7. He initiated a routine traffic stop for speeding. R, V5, p. 8.

Also Garcia testified that after preliminary contact with appellant. He asked him for his insurance. R, V5, p. 14. Officer Garcia testifies that appellant leans forward, he has his left hand down, recession reaching for the insurance and he notices that he's going to start making a movement. He leans forward to seeing what appellant is going to do and he observes a yellow baggy on the floor with a white substance in it. R, V5, p. 14. Officer Garcia as appellant to step out of the car and places in custody. R, V5, p. 15. He then searches the vehicle and locates the cocaine. R, V5, p. 15.

Appellant is ultimately arrested and transported to booking. At the booking area, everything is removed from his pockets and another small back of cocaine is found inside his pocket. R, V5, p. 22.

7

At the trial, counsel for appellant objects to the introduction of this evidence because it is in violation of the fourth amendment. R, V5, p. 8. The court announces that it would carry the request with regards to the suppression… As she hears the evidence as well. R, V5, p. 8. At the close of the evidence, the court announces "… Based on the evidence, it was brought to trial by testimony and also by video, I am denying the motion to suppress search." R, V5, p. 70. After the denial of the objection, counsel requests an instruction pursuant to Article 38.23 Code of Criminal Procedure, which would allow the jury to consider the legality of the evidence. R, V5, p. 70. Counsel for appellant requested a charge that tracked the language of Article 38.23. R, V5, p. 77. The court denied the use requested instruction. R, V5, p. 87.

## ISSUE 1 PRESENTED

**WHETHER THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S OBJECTION TO EVIDENCE BECAUSE IT WAS IN VIOLATION OF THE FOURTH AMENDMENT.**

## SUMMARY OF THE ARGUMENT

The trial court erred in failing to suppress the drug evidence because it was obtained without probable cause to conduct a warrantless search and thus, in violation of the Fourth Amendment.

## ARGUMENT AND AUTHORITIES

Appellant asserts that the officer had no probable cause to search his vehicle and that he did so capriciously. On cross-examination, the officer admitted that it was dark and that the baggy in question was very small. R, V5, p. 29, 30. He admitted that in his report, he merely stated that he saw appellant put "something" under the seat and that his testimony in court was that he saw a baggy. R, V5, p. 26. The officer admitted that he did not have a warrant, and that he did not have consent to search the vehicle. R, V5, p. 28.

Once the defendant establishes that a police search was not supported by a warrant, the burden shifts to the State to prove the reasonableness of the search. Russell v. State, 717 S.W.2d 7, 9-10 (Tex.Crim.App. 1986). At the trial, the State contended that the officer had probable cause to search the vehicle. Probable cause determinations in warrantless search situations are made using the same standards as searches involving warrants. Whiteley V. Warden, 401 U.S. 560, 566 (1971). To determine a probable cause existed, one would go to the totality of the circumstances. Eisenhauer v. State, 754 S.W.2d 159, 164 (Tex.Crim.App. 1988). An officer's inarticulate hunch or suspicion is not sufficient to constitute probable cause. Brown v. State, 481 S.W.2d 106, 110 (Tex.Crim.App. 1972). The court of criminal appeals has repeatedly held that a "furtive gesture" made by a person is stopped for a traffic

offense does not establish probable cause for search. <u>Howard v. State</u>, 599 S.W.2d 597, 604 – 05 (Tex.Crim.App. 1979).

In conclusion, the totality of the circumstances presented at the trial did not demonstrate that the officer had probable cause to believe appellant's vehicle contained evidence of a crime.

## ISSUE 2 PRESENTED

## WHETHER THE TRIAL COURT ERRED IN DENYING THE REQUESTED JURY INSTRUCTION PURSUANT TO ARTICLE 38.23(a) OF THE COURT OF CRIMINAL PROCEDURE.

### SUMMARY OF THE ARGUMENT

The trial court erred in failing to give the jury instruction pursuant to article 38.23(a).

### ARGUMENT AND AUTHORITIES

In pertinent part, article 38.23(a) in any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has reasonable doubt, that the evidence was obtained in violation of the provisions of this article, then and in such event, the jury shall disregard any such evidence so obtained. If a fact issue is raised before the jury as to whether evidence is obtained

10

in violation of the Constitution or law, the defendant is entitled under article 38.23(a) to have the jury instructed that if they believed, or have a reasonable doubt, that the evidence was illegally obtained, then they shall disregard. <u>Atkinson v. State</u>, 923 S.W.2d 21, 23 (Tex.Crim.App. 1996). At the trial, appellant asserted that there was no probable cause to search the vehicle, therefore, a fact issue was raised. Appellant was entitled to an instruction under article 38.23(a).

## PRAYER

WHEREFORE, for these reasons, of Appellant respectfully request the Court to set aside the conviction in cause number 14-CR-1205-B and remand this cause back to the trial court with instructions to set aside the conviction and enter a judgment of acquittal or remand for new trial.

Respectfully submitted,
Law Offices of Fred Jimenez
509 Lawrence, Suite 301
Corpus Christi, TX 78401
Tel. 361-888-7744
Fax 361-888-6018

By: _____
Fred Jimenez
State Bar No. 10667300
Attorney for Appellant

11

## CERTIFICATE OF SERVICE

This is to certify that on October 26, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney Office of Nueces County, Nueces County Courthouse, 901 Leopard, Corpus Christi, Texas 78401, by hand delivery. A copy of this brief was mailed to Mr. Frank Serrata, Robertson, 12071 FM 3522; Abilene, TX 79601.

Fred Jimenez

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 1,791 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

Fred Jimenez