**Darrell Lynn ADAMS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–01–108–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 10, 2002.

Rehearing Overruled Feb. 21, 2002.

Publication Ordered Feb. 28, 2002.

Factor, Campbell & Shepherd, L.L.P., Abe Factor, Fort Worth, for Appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Asst. Criminal Dist. Atty. and Chief o f the Appellate Division, Helena F. Faulkner, and Terry Lewis, Asst. Criminal Dist. Attys., Fort Worth, for Appellee.

Panel F: GARDNER, J., CAYCE, C.J., and DAY, J.

## OPINION

PER CURIAM.

### INTRODUCTION

A jury found appellant Darrell Lynn Adams guilty of driving while intoxicated (DWI). In one point, appellant contends that a fact question was presented with regard to whether he had been observed for the statutorily required fifteen-minute observation period before administration of the intoxilyzer test and thus the trial court erred by refusing to include his requested jury instruction on the issue. We affirm.

### BACKGROUND

On January 29, 2000, at about 4:30 a.m., Arlington Police Officer Becky Brandenburg was on routine patrol southbound on State Highway 360 when she observed appellant in a red Chevy S10 pickup driving at a high rate of speed. The officer followed appellant and saw him change lanes without using a turn signal, weave within his lane, and swerve outside his lane onto the shoulder several times. Appellant exited the highway and made a "wide turn" onto Green Oaks Boulevard. The officer continued to follow appellant and saw him weave from side to side and almost hit the curb twice. She then activated her overhead lights and initiated a traffic stop. Appellant continued to drive for about half a mile before stopping in the right lane of traffic. Appellant told Officer Brandenburg that he had been at the racetrack, that he had gone to a nearby bar when the racetrack closed, and that he and his friends had gotten something to eat when the bar closed. He admitted that he had drunk at least nine to ten beers. Appellant had an odor of alcoholic beverage on his breath, bloodshot eyes, and slightly slurred speech. Officer Brandenburg conducted field sobriety tests, which appellant failed. Based on appellant's erratic driving, his physical appearance and speech, and his performance on the field sobriety tests, the officer concluded appellant was intoxicated and arrested him for DWI.

Appellant was transported to the Arlington police station, where additional DWI tests were conducted on videotape, includ-

ing an intoxilyzer test. The time counter on the videotape indicates the interview began at 5:23 a.m. when appellant entered the video room and ended at 5:54 a.m. The intoxilyzer operator, Barbara Bagley, however, stated on the videotape that the interview began at 5:27 a.m. and she made a written notation that the interview ended at 5:48 a.m. Bagley also stated on the videotape that appellant's first breath test was administered at 5:49 a.m., and the counter on the videotape shows the first test was administered at 5:49 a.m. and the second test administered at 5:51 a.m. The printout from the intoxilyzer machine itself reflects the tests were administered at 5:51 a.m. and 5:53 a.m., respectively. Both results exceeded the legal limit of .08.

Appellant contended that the discrepancy in the timing of events raised a fact issue concerning whether the intoxilyzer operator observed him for fifteen minutes prior to administering the breath test and that he was thus entitled to the following instruction.

> You are instructed that in order to be considered by you as evidence an intoxilizer device must be operated in accordance with the correct and applicable operational technique[.] In this case you must find beyond a reasonable doubt that the Defendant was observed by the operator of the intoxilizer device for a period of fifteen minutes immediately prior to the start of the test procedure, and that the time was measured on the breath test device or on the same timekeeping device for all relevant purposes. These same techniques require that the operator be in the presence of the person taking the test to insure that nothing happens to interfere with the operation of the test.
> In the event that you find that the operational technique was not complied with or if you have a reasonable doubt

then you may not consider the breath test and it's result for any purpose whatsoever and you must disregard that portion of the court's charge that directs you to consider the alcohol concentration issue and you will then confine yourself to the allegation that concerns "normal use."

> If you do find beyond a reasonable doubt that the technique was complied with then you may consider the result and give to it whatever weight that you choose when considering the charge as a whole and the rest of the evidence.

The trial court denied appellant's request.

## DISCUSSION

■ Evidence obtained in violation of the law must be excluded from jury consideration in criminal cases on request of the defendant. TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.2002); *Atkinson v. State*, 923 S.W.2d 21, 23 (Tex.Crim. App.1996). The judge should withhold such evidence from the jury altogether when it is inadmissible purely as a matter of law. *Atkinson*, 923 S.W.2d at 23. But, when there are disputed issues of fact affecting the legality of its seizure, the question of exclusion may be tried to the jury. *Id.* In such event, the judge must include in the final charge an instruction that, if the jury believes, or has a reasonable doubt, that the evidence was obtained illegally, then it shall disregard the evidence. TEX.CODE CRIM. PROC. ANN. art. 38.23(a); *Atkinson*, 923 S.W.2d at 23.

■ To be admissible, a breath test analysis must be performed according to the rules of the Texas Department of Public Safety (DPS). TEX. TRANSP. CODE ANN. § 724.016 (Vernon 1999); *Atkinson*, 923 S.W.2d at 23. Rules adopted by the DPS include the requirement that a technician continuously observe the person tested for at least fifteen minutes before administer-

ing the test. 37 TEX. ADMIN. CODE § 19.3(c)(1) (last amended 1998) (Tex. Dep't Pub. Safety). Where there is a fact issue raised with respect to this requirement, a DWI defendant is entitled to an instruction that the jury disregard the test if it believes or has a reasonable doubt as to whether the fifteen-minute observation requirement was complied with. *See At-kinson v. State*, 871 S.W.2d 252, 256 (Tex. App.-Fort Worth 1994), *rev'd on other grounds*, 923 S.W.2d 21 (Tex.Crim.App. 1996).

Here, Bagley testified that she observed appellant for the requisite fifteen-minute observation period before administering the intoxilyzer test notwithstanding the fact that the fifteen-minute period was inaccurately calculated from her watch. More importantly, Bagley and appellant were visible during the entire videotape. The time counter on the videotape conclusively established that Bagley observed appellant in her presence for approximately twenty-five minutes before administering the first breath test and that the fifteen-minute observation requirement had been met. *See, e.g., Davis v. State*, 949 S.W.2d 28, 31 (Tex.App.-San Antonio 1997, no pet.) (holding officer's testimony conclusively established that the fifteen-minute observation requirement was satisfied and no instruction was required). Thus, although there were some inconsistencies with regard to the precise timing of events, there is no evidence of any violation of the DPS regulation requiring the fifteen-minute observation period. Consequently, we conclude there was no error in refusing to include the requested instruction in the jury charge. We overrule appellant's point.

We affirm the trial court's judgment.