**Ralph Hugh HOWES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–03–00030–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Oct. 28, 2003.

Decided Nov. 7, 2003.

Lew Dunn, Law Office of Lew Dunn, Longview, for appellant.

Renee Gartland, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Whether Ralph Hugh Howes was observed for at least the mandatory fifteen minutes before he was given an intoxilyzer test is central to his appeal from his conviction and seventy-five year sentence for felony driving while intoxicated.

The evidence shows that Howes was stopped by a local policeman, Fred Ellis, and his partner, at about 11:00 p.m. in Gladewater, Texas. Ellis gave Howes var-

ious field sobriety tests and, based on Howes' poor results, arrested him. The activities were videotaped by the officer's car-based camera, and the videotape bears a date and time stamp. The officer testified that the camera's clock had not been reset for daylight savings time and was therefore an hour off, showing times shortly after 10:00 p.m., rather than the actual times of shortly after 11:00 p.m. According to that stamp, the videotape taken from the officers' car shows Howes' car still on the side of the road (in front of the police unit) at about 10:29 p.m.—meaning it was about 11:29 p.m. Officer Downs recorded their arrival time at the Upshur County Sheriff's Department[1] at 11:37 p.m. Downs testified that the fifteen-minute observation period of Howes began on their arrival, and the intoxilyzer machine recorded 11:53 p.m. as the time of Howes' first breath sample.

Howes contends on appeal that the trial court erred by (1) overruling Howes' motion to suppress the intoxilyzer test; (2) refusing during the guilt/innocence phase to submit a requested jury instruction regarding the factual dispute about the timing of the intoxilyzer test; and (3) failing to provide Howes with an additional peremptory challenge during voir dire. Howes also contends the evidence was factually and legally insufficient to support his conviction, because the underlying enhancements that are required to raise this offense to felony status were not adequately proven.

*Motion to Suppress*

The first contention is based on the mismatch in times recorded for different events during the evening. Howes argues that, since Officer Ellis did not begin transporting Howes to the station until at least 11:29 p.m., he could not possibly have made the thirteen- to sixteen-mile drive in eight minutes; thus, the observation period could not have been fifteen minutes long, and therefore the court's decision to admit the testimony of the intoxilyzer test was an abuse of discretion.

A trial court's decision to grant or deny a motion to suppress is reviewed under an abuse of discretion standard. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996). The general rule is that an appellate court should afford almost total deference to a trial court's determination of the historical facts supported by the record, especially when the trial court's fact-findings are based on an evaluation of credibility and demeanor. *Id.* At a suppression hearing, the trial court is the exclusive trier of fact and judge of the credibility of the witnesses. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim.App.1997). We are also to afford such deference to a trial court's ruling on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those questions turns on an evaluation of credibility and demeanor. *Villarreal*, 935 S.W.2d at 138.

Howes suggests that any reasonable fact-finder should be able to apply high school physics to calculate the reasonably possible speed of the vehicle. Applying the numbers as Howes sets them out would result in a very difficult, if not impossible, speed by the arresting officers in transporting Howes to have his breath analyzed. Thus, reasons Howes, he must have arrived later than shown by the documents, and he could not have been observed for fifteen minutes before taking

---

1. Though the stop and arrest occurred in Gregg County, officers determined that the Upshur County Sheriff's Office was a convenient location for administration of the intoxilyzer test.

the intoxilyzer test—as shown by the time stamp produced by that machine.

There is a fatal flaw in this logic. There is nothing to indicate that the time stamp generated by the video camera was synchronized with the internal clock in the intoxilyzer machine, nor is there anything to indicate the source from which officers determined the stated time of arrival at the station. Thus, we cannot state with any degree of certainty that the figures suggested by Howes are correct, and it is quite clear that a difference of just a few minutes completely dispatches his theory. It is reasonable for the trial court to recognize this flaw and to have made its decision accordingly. Thus, we cannot find that the trial court abused its discretion by denying the motion to suppress.

*Requested Jury Instruction*

■ Howes next contends the court erred by denying his request to instruct the jury that, under TEX.CODE CRIM. PROC. ANN art. 38.23(a) (Vernon Supp.2004), evidence obtained by an officer in violation of the Constitution should not be considered by the jury. A trial court is required to include an Article 38.23 instruction in the jury charge if there is a factual dispute as to how the evidence was obtained. *Balentine v. State*, 71 S.W.3d 763, 773 (Tex. Crim.App.2002). If a defendant successfully raises a factual dispute over whether evidence was illegally obtained, inclusion of a properly worded Article 38.23 instruction is mandatory. *Bell v. State*, 938 S.W.2d 35, 48 (Tex.Crim.App.1996); *Hanks v. State*, 104 S.W.3d 695, 700 (Tex.App.-El Paso 2003, no pet. h.). In his objection to the charge, counsel argued that, because there was evidence from which a jury might determine that one of the officers was lying about the observation time period, the Article 38.23 instruction should be given to the jury. The trial court overruled the objection.

■ To be admissible, a breath test analysis must be performed according to the rules of the Texas Department of Public Safety (DPS). TEX. TRANSP. CODE ANN. § 724.016 (Vernon 1999); *Atkinson v. State*, 923 S.W.2d 21, 23 (Tex.Crim.App. 1996). Rules adopted by the DPS include the requirement that a technician continuously observe the person tested for at least fifteen minutes before administering the test. 37 TEX. ADMIN. CODE § 19.3(c)(1) (last amended 1998) (Tex. Dep't Pub. Safety). Where there is a fact issue raised with respect to this requirement, a defendant is entitled to an instruction that the jury disregard the test if it believes or has a reasonable doubt as to whether the fifteen-minute observation requirement was complied with. *See Adams v. State*, 67 S.W.3d 450, 453 (Tex.App.-Fort Worth 2002, pet. ref'd); *Atkinson v. State*, 871 S.W.2d 252, 256 (Tex.App.-Fort Worth 1994), *rev'd on other grounds*, 923 S.W.2d 21 (Tex.Crim. App.1996).

■ The State does not argue that the instruction should not have been given. It is apparent from our previous discussion of this matter that there was a disagreement about whether the evidence showed that the fifteen-minute observation period had occurred, and therefore there was some question about whether the correct procedures were followed by the officers in testing Howes' breath with the intoxilyzer.

The trial court erred by refusing to submit the instruction to the jury. This error requires reversal if Howes suffered "some harm" from the omission. *See Ovalle v. State*, 13 S.W.3d 774, 787–88 (Tex.Crim. App.2000) (defendant does not have burden of proof; "actual harm" not required); *Atkinson*, 923 S.W.2d at 27 (Article 36.19 harm standard applies in cases where Article 38.23 instruction erroneously omitted, in case also involving fifteen-minute obser-

vation required before administration of intoxilyzer test); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (op. on reh'g) (construing Article 36.19);[2] *Atkinson v. State,* 934 S.W.2d 896, 897 (Tex. App.-Fort Worth 1996, no pet.).

■ The officer who administered the intoxilyzer test testified about the machine, the way in which he conducted the tests, and that Howes showed a blood-alcohol level of .154 and .156 in two consecutive tests. But here, the contested evidence (the intoxilyzer result) was not the sole evidence supporting the verdict. Officer Ellis testified that he stopped Howes because Howes had pulled away from a traffic light fast enough to squeal his tires. He testified that Howes' vehicle smelled of alcohol and that Howes' eyes were bloodshot. He then asked Howes if he had been drinking, and Howes admitted to having consumed three beers. The officer then administered a horizontal gaze nystagmus test, a nine-step walk and turn test, and a one-legged stand test. The jury observed the patrol car's videotape of the stop and Howes' performance of the tests. The arresting officer testified that, based on the results of these test and Howes' behavior and appearance—all depicted on the videotape—and based on the officer's experience, he believed Howes was intoxicated.

The clock in the patrol car's video equipment had obviously not been reset at the onset of daylight savings time. There is no evidence of the last time it was set or checked, nor any evidence that it was synchronized with the internal clock in the intoxilyzer machine. The testimony was that Howes was observed for the full fifteen-minute period before the intoxilyzer test was administered.

The question is whether Howes suffered "some harm" as a result of the court's error in failing to instruct the jury on the factual dispute regarding the time. We conclude Howes suffered no harm and overrule this contention of error.

*Additional Peremptory Challenge*

Howes argues that the trial court erred by denying his request for an additional peremptory challenge. Under a fair reading of his discussion, however, he actually contends the trial court erred by denying his challenge of a juror for cause, after Howes had exhausted his peremptory challenges.

■ To preserve error with respect to a trial court's denial of a challenge for cause, an appellant must: (1) assert a clear and specific challenge for cause, (2) use a peremptory strike on the complained-of veniremember, (3) exhaust his peremptory strikes, (4) request additional peremptory strikes, (5) identify an objectionable juror, and (6) claim that he would have struck the objectionable juror with a peremptory strike if he had had one to use. *Allen v. State,* 108 S.W.3d 281, 282 (Tex.Crim.App. 2003); *Nelson v. State,* 848 S.W.2d 126, 134 (Tex.Crim.App.1992).

The juror about whom Howes complains is panelist number 38, Marilyn Mackey. During voir dire, counsel asked that Mackey be struck for cause. Counsel based his request on her answers, which counsel interprets as stating that a person should not drink and drive, that she gets intoxicated with only one drink, that either side would have to prove the accused was not intoxicated, and that she would probably

---

**2.** *See Vrba v. State,* 69 S.W.3d 713, 719 (Tex. App.-Waco 2002, no pet.) (holding that where record contains no evidence of Vrba's guilt independent of that obtained as result of stop that was possibly illegal, Vrba suffered "some harm" as result of omission of Article 38.23 instruction from charge).

favor the State's side in determining whether a defendant was intoxicated.

 When reviewing a trial court's decision to grant or deny a challenge for cause, we are to look at the entire record to determine if there is sufficient evidence to support the court's ruling. *Patrick v. State*, 906 S.W.2d 481, 488 (Tex.Crim.App. 1995). In our review, we give great deference to the trial court's decision because the trial court observes the demeanor of the venireperson and listens to his or her tone of voice. *Id.* We have been directed to give particular deference when the potential juror's answers are vacillating, unclear, or contradictory. *Feldman v. State*, 71 S.W.3d 738 (Tex.Crim.App.2002); *King v. State*, 29 S.W.3d 556, 568 (Tex.Crim. App.2000). In our review, we look to see if the trial court abused its discretion in denying appellant's challenges for cause. *Murphy v. State*, 112 S.W.3d 592, 600–01 (Tex.Crim.App.2003).

In this case, the juror was questioned by counsel for both sides. She responded with answers that did not reflect an accurate understanding of what was expected of her. In her answers to individual questions, however, she agreed the State had the burden of proof, she would not hold the State to a lighter burden than required, and it would not be enough that Howes had merely drunk alcohol and operated the vehicle—he must be intoxicated under the law. She went on to reply to defense counsel's later question that she would "more than likely" tend to favor the State if she heard some evidence that Howes was intoxicated and some evidence that he was not. The State suggested to the trial court that this was merely her response to a credibility question, and the court declined to allow the State to bring any follow-up questions on that matter.

 Here, we have some conflict in the answers of the veniremember to the ques-

tions propounded by counsel. There are responses that support the trial court's ruling and responses which cut against its ruling. In such a situation, we must defer to the decision of the trial court. We find the trial court did not err by refusing to strike Mackey for cause, and therefore we overrule this contention of error.

*Sufficiency of Evidence*

Howes contends the evidence is factually and legally insufficient to support his conviction. In our review of the legal sufficiency of the evidence, we view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). In reviewing for factual sufficiency, we view the evidence in a neutral light, favoring neither party. *Id.* at 7. We set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.*

Howes contends the evidence is insufficient because the State failed to prove the existence of two prior alcohol-related offenses that had occurred within the preceding ten-year period. He relies on Tex. Pen.Code Ann. §§ 49.09(b)(2), 49.09(e) (Vernon Supp.2004), as support for his position. Howes argues that the prior DWI convictions already used to enhance one of his convictions cannot again be used to enhance the present prosecution to a felony. He takes the position that this constitutes a form of bootstrapping that should not be allowed, and also directs the Court to *Maibauer v. State*, 968 S.W.2d 502, 504 (Tex.App.-Waco 1998, pet. ref'd), as further support for his position.

 We have reviewed Section 49.09. It contains no language that supports

Howes' position. The *Maibauer* opinion also does not address the matter raised in Howes' brief. It applies the language of the statute, affirming that the State may not use the same prior DWI conviction under both the general enhancement provisions and under Section 49.09 to elevate the offense to a felony. Howes asks this Court to take a step beyond that requirement and require that the prior offenses have not been used for that purpose in earlier prosecutions on other DWI offenses. The statute does not require such. In fact, the Texas Penal Code specifically states, "The use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes." TEX. PEN.CODE ANN. § 12.46 (Vernon 2003).

Because this is the sole basis for Howes' argument that the evidence is insufficient, our resolution of this issue also disposes of his evidentiary arguments. We overrule this contention of error.

We affirm the judgment.