In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00032-CR
______________________________


RICHARD DELANE, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Court at Law
Cherokee County, Texas
Trial Court No. 44079


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            A jury found Richard Delane guilty of the offense of possession of less than two ounces of
marihuana. See Tex. Health & Safety Code Ann. § 481.121(b)(1) (Vernon 2003). On appeal,
Delane raises two separate points of error, each of which contend the trial court erred by failing to
sustain his challenge to Rachel Smith, a potential juror, in violation of either Delane's state or federal
due process rights. We affirm.
To preserve error with respect to a trial court's denial of a challenge for cause, an
appellant must: (1) assert a clear and specific challenge for cause, (2) use a
peremptory strike on the complained-of veniremember, (3) exhaust his peremptory
strikes, (4) request additional peremptory strikes, (5) identify an objectionable juror,
and (6) claim that he would have struck the objectionable juror with a peremptory
strike if he had had one to use.
Howes v. State, 120 S.W.3d 903, 908 (Tex. App.—Texarkana 2003, pet. ref'd).
            In this case, Delane asserted to the trial court a clear and specific challenge to prospective
juror Smith for cause. Smith had previously indicated she was predisposed to recommending the
maximum sentence for any criminal case in which she was a juror. Delane challenged Smith for
cause, but the trial court overruled, saying
The question [Delane's counsel had asked to solicit the response about Smith wanting
to impose the maximum punishment] was improper. It asked for a commitment, and
the jury panel hasn't heard any of the infinite possibilities of mitigating circumstances
that would color their decision. It was a commitment question. It wasn't proper in
the first place. I'm not going to grant your strikes [for cause].
 
Thereafter, Delane exhausted his peremptory strikes before reaching Smith on the list of prospective
jurors. However, Delane failed to request any additional peremptory strikes. Smith was then seated
as a member of the jury, to which Delane objected.
            Because the record does not show Delane requested additional peremptory strikes, these
issues have not been preserved for appellate review. See id. Nevertheless, Delane further contends
he did not need to request additional peremptory strikes (to preserve error) because "it is obvious the
trial court would not have granted additional peremptory challenges based on [the trial court's]
statements regarding the propriety of appellant's questions to the challenged jurors and [the] ruling
on the challenge." We do not read the trial court's ruling so expansively, nor do we see the need to
read error into a trial court's ruling where the trial court was not asked to grant additional peremptory
strikes.
            Moreover, Delane's attempts to couch his argument in terms of fundamental, constitutional
error also fail. The right to peremptory challenges is not of constitutional dimension, nor does the
failure of a trial court to grant a challenge for cause create a federal due process issue unless the
defendant first exhausts all the relief to which he or she is entitled under state law. See United States
v. Martinez-Salazar, 528 U.S. 304, 311–14 (2000). In this case, Delane did not request additional
peremptory strikes and thus failed to exhaust the available state-based relief.
 
 
            We overrule Delane's points of errors and affirm the trial court's judgment.


                                                                                    Josh R. Morriss, III,
                                                                                    Chief Justice

Date Submitted:          July 27, 2005
Date Decided:             August 3, 2005

Do Not Publish




ms
to certain property. To the Fort Worth court, the fact that the administrator was also one
of the devisees did not mean the appeal "personally concerns him" within the meaning of
Section 29. 

 It is apparent in Latham, however, that an increase in the estate's property would
necessarily affect the amount the administrator as a devisee would take through probate. 
To this extent, the administrator in that case was "personally concerned" in the same way
as the administrator in Roberts. Likewise, the administrator in Roberts had a duty, in that
fiduciary capacity, to pursue the appeal regardless of whether it personally affected her,
in the same way the administrator in Latham had that same duty. In both cases, however,
a successful appeal would result in an increase in the proportionate share of the estate 
each respective administrator would personally recover. In our view, that situation made
each of them "personally concerned" within the meaning of Section 29.

 Shore relies on Vineyard v. Irvin, 855 S.W.2d 208 (Tex. App.-Corpus Christi 1993,
orig. proceeding), as support for his position that, although he is a devisee under the will,
as well as the executor, he was not required to file a bond to supersede the judgment. In
that case, coexecutors sought mandamus relief. The trial court had refused to permit them
to file a supersedeas bond. The appellate court found this to be error, but then went on
to review the relators' additional argument that they were not required to file a supersedeas
bond at all. The court concluded, pursuant to Section 29 of the Probate Code that, where
the executors were attempting to appeal from an order that estate property be sold to
satisfy a judgment, they were not required to file a supersedeas bond. The opinion does
not indicate, however, whether the executors were also devisees under the will.

 In the instant case, Shore is not attempting to establish the estate's claim to property
or to prevent the sale of estate property. He is appealing a ruling concerning the
disposition of the estate's property among all the devisees under the will. As such, it is
clear that, if he is successful in that appeal, it will result in an increase in his proportionate
share of the estate. 

 The activities taken so far in the instant case revolve around a judgment declaring
that certain property does not pass under specific provisions of the will and codicils, but
instead passes under a residuary clause. That judgment is contrary to the executor's
position that the property should pass under the provisions of the will and codicils, not
under the residuary clause. If the executor were not a devisee under the will, there is no
doubt that, under the authorities cited above, this would not be considered a matter that
"personally concerns" him. However, a determination of the appeal in his favor will clearly
increase the proportionate amount he will receive under the will. 

 These facts make this case analogous to Roberts. Just as the administrator in
Roberts had a personal interest in having a particular will admitted to probate, so does
Shore have a personal interest in what will/codicils provisions apply. We therefore
conclude that the language of Section 29 does not excuse Shore from the necessity of
filing a supersedeas bond to prevent execution of the underlying judgment. 

 We deny the petition for writ of mandamus and set aside our order dated March 12,
2003, staying all proceedings in the underlying case.



 Donald R. Ross

 Justice



Date Submitted: May 13, 2003

Date Decided: May 14, 2003