

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00149-CR

RAYMOND SOTELO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 3rd District Court
Anderson County, Texas
Trial Court No. 30499

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

During the voir dire portion of Raymond Sotelo's Anderson County[1] trial that resulted in his conviction[2] on the charge of assault on a public servant, two things happened that have given rise to Sotelo's two appellate complaints. A number of potential jurors indicated that they might hold against Sotelo his failure to testify, ultimately resulting in three other objectionable persons serving on the jury. And a question seeking to identify any prejudiced panelists was disallowed on the basis that it was an improper commitment question. Because (1) no error has been preserved concerning the three jurors that served and (2) error in disallowing the voir dire question was, beyond a reasonable doubt, harmless, we affirm the trial court's judgment.

## (1)     No Error Has Been Preserved Concerning the Three Jurors that Served

During voir dire, approximately fourteen potential jurors indicated that they might have a problem with Sotelo's exercising his constitutional right not to testify at trial. After addressing those fourteen and using peremptory strikes on three of those that the trial court did not disqualify for cause, Sotelo unsuccessfully asked the trial court for three additional peremptory strikes. On appeal, Sotelo claims that, as a result, three objectionable jurors—not among the identified fourteen panelists—served on his jury. Because the record does not reflect that Sotelo complained to the trial court about those three jurors, this complaint has not been preserved for our review.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]Sotelo was sentenced to twenty years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.42(a), 22.01(b)(1) (West Supp. 2013).

Sotelo argues the trial court erred by not striking veniremembers who, according to Sotelo, "unequivocally signaled they would not give full effect" to his right not to testify. Sotelo points to his voir dire of the panel, when his attorney asked the panel if anyone would "have trouble" or hold it "against the Defendant" if he exercised his right not to testify. Several veniremembers—fourteen by our reading of the record—raised their hands. Sotelo claims that, while some of these members were struck by agreement of the parties or for cause, the trial court denied Sotelo's request that three of those be struck for cause. As a result, Sotelo apparently exercised peremptory strikes on these three veniremembers, but was denied a request for replacement peremptory strikes. Sotelo claims that, as a result, three objectionable jurors were placed on the jury.

To preserve error on denied challenges for cause, the record must demonstrate that the complaining party (1) asserted a clear and specific challenge for cause, (2) used a peremptory challenge on the (objectionable) venire member, (3) exhausted all peremptory challenges, (4) requested an additional strike, (5) objected to the juror that sat on the jury, and (6) established that the serving objectionable juror would have been struck with a peremptory strike if such added strike had been granted by the trial court. *Howes v. State*, 120 S.W.3d 903, 908 (Tex. App.—Texarkana 2003, pet. ref'd) (citing *Allen v. State*, 108 S.W.3d 281, 282 (Tex. Crim. App. 2003)).

The conduct of voir dire examination rests within the sound discretion of the trial court, and only an abuse of discretion requires a reversal on appeal. *Whitaker v. State*, 653 S.W.2d 781 (Tex. Crim. App. 1983). We consider the entire record when determining whether there is

sufficient evidence to support the court's decision to grant or deny a challenge for cause. *Patrick v. State*, 906 S.W.2d 481, 488 (Tex. Crim. App. 1995); *Howes*, 120 S.W.3d at 909. Before we can analyze Sotelo's first point of error, we must determine if he properly preserved error. "[P]reservation of error is a systemic requirement that a first-level appellate Court should ordinarily review on its own motion." *Alonzo v. State*, 158 S.W.3d 515, 516 (Tex. Crim. App. 2005).

An appellant will be able to raise, on appeal, objections to the refusal to grant challenges for cause, if the voir dire record reflects that an objection was submitted either during the voir dire or at the time of the trial court's ruling and that the objection was not abandoned. *Zimmerman v. State*, 860 S.W.2d 89, 95 (Tex. Crim. App. 1993), *vacated on other grounds*, 510 U.S. 938 (1993). If the defendant fails to object, he or she may not subsequently challenge that ruling on appeal. *Ladd v. State*, 3 S.W.3d 547, 562 (Tex. Crim. App. 1999).

After the fourteen panelists had been identified, the attorneys discussed challenges for cause, the trial court summarized Sotelo's challenges to the fourteen veniremembers by their voir dire numbers, and Sotelo's attorney agreed those were the subjects of her challenges. Of those fourteen, nine were in the "strike zone" of venirepersons who could possibly make it to the petit jury. From the record, we are able to identify with reasonable certainty the nine venirepersons who were both subject to Sotelo's challenges and in the range of potential jurors.

To establish error on appeal, Sotelo must identify an objectionable juror who ultimately sat in the case. *See Gonzales v. State*, 353 S.W.3d 826, 831 (Tex. Crim. App. 2011). Sotelo never identified to the trial court which jurors would have been struck had the trial court granted

4

the three additional peremptory strikes. In his appellate brief, he claims that, had he not been required to use peremptory strikes on veniremembers 6, 17, and 23, he would have used those strikes on jurors House, Kanetzky, and Taylor. The problem is that there is nothing in the record showing that Sotelo advised the trial court that jurors House, Kanetzky, and Taylor were objectionable.

Out of caution, we explore whether these three might have been identified as objectionable in the initial group that expressed having a problem with Sotelo not testifying. As best we can tell, they were not so identified. Many panelists had been pointed out at trial as being objectionable, but, from our reading, never were House, Kanetsky, or Taylor so identified. During voir dire, eight of the nine veniremembers in the strike zone who indicated they could hold against Sotelo his failure to testify were identified by name. Only veniremember 7 does not appear to have been addressed by name.[3]

In the record, Kanetzky is identified as juror 32, and Taylor is identified as juror 39. House, though, was never identified by number. Complicating our review of the record is the fact that when Sotelo's attorney asked the question about an accused's right not to testify, she stated the numbers or names of the people who apparently were raising their hands:

[Defense counsel]: So, Mr. Wilbanks. Okay. And -- I'm sorry. Ms. Anderson?

        . . . .

Okay. I'll try to do this as fast as I can. Anyone else on this first row? Okay. I saw Mr. Chasten, number 23. Mr. Jenkins, number 21. All right. And then Mr. Houck, number 17. Okay. What about -- okay. I see -- 34 is Mr. Foreman.

---

[3]The clerk's record does not include a list of the venire; each party's list of peremptory strikes and the jury list are included.

5

Okay. Then is that Mr. Miller and Ms. Rodriguez, number 49 and 50. Okay. Let me go to the first row on this side. Okay. Mr. Hill, number 16. Okay. And Ms. Mendiola, number 30. Okay. And Ms. Bartley, number 62. And Ms. Shannon, number 61. All right. Anyone else?

. . . .

Okay. Number 56, and you're Ms. Kurz. Okay. And -- Mr. Bankston, that's number 20. . . .

. . . .

Okay. All right. And Ms. Kelley, Number 51?

. . . .

In making this record, defense counsel stated each relevant venireperson's number and name except panelists Wilbanks, Anderson, and Harris. At other locations in the record, Wilbanks is identified as juror number 6 and Harris as number 42. Anderson was not identified by number; but when defense counsel made her challenges for cause based on the Fifth Amendment issue, the trial court read off the venirepersons who had raised their hands or indicated they could not follow the law on this issue. The trial court's list of numbers match the numbers read with names that counsel stated at the time of the questioning, with only venireperson 7 not corresponding to a name read by counsel earlier. With Wilbanks and Harris identified by number, it is reasonable to deduce that number 7 was Anderson. This further undermines any argument Sotelo might make that jurors House, Kanetzy, and Taylor were identified to the trial court as being objectionable.

Since Sotelo failed to establish that any of the three objectionable jurors had been pointed out to the trial court, we overrule this issue.

*(2)* *Error in Disallowing the Voir Dire Question Was, Beyond a Reasonable Doubt, Harmless*

Sotelo claims the trial court limited his ability to question the venire about any possible bias or prejudice they might have against him.

Late in voir dire, Sotelo's attorney asked whether anyone in the panel thought Sotelo, as a twenty-six-year-old Hispanic male, was more likely to commit assault than any other person. The trial court sustained the State's objection that this was an improper commitment question. Sotelo argues in his second point of error that this was a constitutional error warranting reversal.

A criminal defendant is constitutionally entitled to an impartial jury. U.S. CONST. amend. VI. Improper commitment questions by either the State or defendant are prohibited to

> ensure that the jury will listen to the evidence with an open mind--a mind that is impartial and without bias or prejudice--and render a verdict based on that evidence. Commitment questions require a venireman to promise that he will base his verdict or course of action on some specific set of facts before he has heard any evidence, much less all of the evidence in its proper context. It is this prejudgment of the value and importance of certain evidence that is the evil to be avoided unless the law requires such a commitment.

*Sanchez v. State*, 165 S.W.3d 707, 712 (Tex. Crim. App. 2005).

Commitment questions are improper (a) when the law does not require the commitment, such that a juror would not be disqualified for cause by being influenced by a particular fact or by having a particular attitude or opinion, or (b) even if the question meets the challenge for cause requirement, if it also includes facts in addition to those necessary to establish a challenge for cause. An improper commitment question attempts to create a bias or prejudice in the venireman before he or she has heard the evidence, whereas a proper voir dire question attempts to discover a venireman's preexisting bias or prejudice. *Standefer v. State*, 59 S.W.3d 177, 181–

7

82 (Tex. Crim. App. 2001).  To be proper, a commitment question must contain *only* those facts necessary to test whether a prospective juror is challengeable for cause.  *Id.* at 182.

> Sotelo's attorney asked the venire the following:

> Now, let me ask you, you have just a short chance to observe physically Mr. Sotelo.  He's a young Hispanic male, age 26.  Okay.  Is there anything about those facts, those are biological facts, but is there anything about those facts that makes anyone think he's more likely to commit assault than anybody else?

The State objected, "Objection, Your Honor, calls for a commitment.  Violation of --"  and the trial court sustained the objection.  Sotelo treats the State's objection as having been to an allegedly improper commitment question *contra* to the holding of *Standefer*, and from the context that is a reasonable interpretation of the objection and the court's ruling.  Immediately after this, defense counsel asked,

> Okay.  All right.  Everybody has observed Mr. Sotelo.  Is there anything about -- that you see about Mr. Sotelo that you -- just seeing him, physically, that you think would tend to influence your verdict, just age, appearance?

No objection was lodged.

The first question, which the State successfully objected to, inquired whether any person on the venire was predisposed to believe Sotelo more likely guilty of assault based on his age, sex, or race.  If so, such venireperson would have been properly challengeable for cause.  The question was thus permissible, and it was error to disallow it.  *See id.* at 181–82.

The Sixth Amendment guarantees the right to a trial before an impartial jury.  U.S. CONST. amend VI.  The Texas Court of Criminal Appeals has held that "essential to the Sixth Amendment guarantees of the assistance of counsel and trial before an impartial jury 'is the right to question veniremembers in order to intelligently exercise peremptory challenges and

8

challenges for cause." *Franklin v. State*, 138 S.W.3d 351, 354 (Tex. Crim. App. 2004) (quoting

*Raby v. State*, 970 S.W.2d 1, 10 (Tex. Crim. App. 1998)). We review an improper limitation of

defense counsel's right to question the venire for constitutional error.[4] *See Jones v. State*, 223

S.W.3d 379, 381–83 (Tex. Crim. App. 2007).[5]

When analyzing the record for harm after an improperly disallowed voir dire question,

we review the entire record including:

> (1) any testimony or physical evidence admitted for the jury's consideration;
> (2) the nature of the evidence supporting the verdict; (3) the character of the
> alleged error and how it might be considered in connection with other evidence in
> the case; (4) the jury instructions; (5) the State's theory and any defensive
> theories; (6) closing arguments; (7) voir dire; and (8) whether the State
> emphasized the error.

*Jones v. State*, 264 S.W.3d 26, 28 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).[6] We must

reverse Sotelo's conviction unless we determine, beyond a reasonable doubt, that the error did

not contribute to Sotelo's conviction or punishment. *See* TEX. R. APP. P. 44.2(a).

Certainly, Sotelo suffered no harm. Immediately after the trial court sustained the State's

objection, Sotelo's attorney was able to ask essentially the same question. The question allowed

was whether Sotelo's age and physical appearance would tend to influence their verdict. When

counsel is able to ask "essentially the same" question as the one disallowed, or to obtain

---

[4]*See* TEX. R. APP. P. 44.2(a).

[5]In *Rich v. State*, 160 S.W.3d 575 (Tex. Crim. App. 2005), the court assumed that denial of a proper voir dire question would be evaluated as nonconstitutional error under Rule 44.2(b) of the Texas Rules of Appellate Procedure because the appellate court had concluded such was the appropriate standard and the appellant did not contest such analysis. *See* TEX. R. APP. P. 44.2(b).

[6]*Jones* cited to *Rich*, but specifically stated that the court was applying "the heightened Rule 44.2(a) standard of review" in considering the listed factors. *Jones*, 264 S.W.3d at 28.

essentially the same information, there is no harm. *See Woods v. State*, 152 S.W.3d 105, 110 (Tex. Crim. App. 2004); *Rachal v. State*, 917 S.W.2d 799, 815 (Tex. Crim. App. 1996).

Beyond a reasonable doubt, the trial court's erroneous limitation of Sotelo's voir dire questioning did not contribute to the conviction or sentence.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:    December 31, 2013
Date Decided:      February 6, 2014

Do Not Publish