**Opinion issued September 29, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-14-00575-CR

————————————————

## VIBHA HARISH PATEL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

———————————————————————————————

### On Appeal from the County Criminal Court at Law No. 13
### Harris County, Texas
### Trial Court Case No. 1909929

———————————————————————————————

### MEMORANDUM OPINION

Appellant, Vibha Harish Patel, was charged by information and found guilty by a jury of driving while intoxicated. The trial court sentenced her to five days' confinement in the Harris County Jail. In her sole issue on appeal, Patel contends

that the trial court erred by admitting the results of a breath-alcohol test obtained in violation of the Texas Administrative Code. Finding no error, we affirm.

## Background

At trial, Officer J. Sampson of the Tomball Police Department ("TPD"), testified that at approximately 4:00 a.m. on July 27, 2013, he responded to a distress call from a car stranded in a ditch in Harris County. Sampson testified that when he arrived at the scene, Patel showed signs of intoxication, including "a strong odor of an alcoholic beverage," "red, bloodshot glassy eyes," and "slurred speech." Sampson therefore administered field sobriety tests. He testified that Patel's performance on them indicated that she was intoxicated.

Corporal B. Patin of the TPD testified that he arrived at the scene and administered an additional field sobriety test. Patin transported Patel to the TPD station after her performance on the test indicated that she was intoxicated.

Patin testified that, according to the time stamp of his patrol car's video camera, he and Patel left the scene at 4:29 a.m. Patin then described his best "estimates" of how long it took him to perform several other tasks that night. Patin estimated that he spent "[p]robably less than ten minutes" driving Patel to the TPD station, around five minutes securing his guns, and "[close] to 20 [minutes]" waiting for Officer Sampson to arrive. Patin testified that about another five

minutes elapsed while Sampson read Patel her statutory rights and Patin used the restroom.

But Patin testified clearly that he observed Patel for 15 minutes before the breath test was administered. Specifically, Patin remembered using "the stopwatch on [his] watch" to perform the "15 minute observation period" required by then-effective Texas Administrative Code section 19.4(c)(1).[1] 37 TEX. ADMIN. CODE § 19.4(c)(1) (2014) (Tex. Dep't of Pub. Safety, Approval of Techniques, Methods, and Programs), *repealed by* 40 Tex. Reg. 129, 255 (2015).

Outside the presence of the jury, Patel moved to suppress the breath test results. According to the Intoxilyzer time stamp, the breath test was administered at 4:57 a.m. Patel argued that the results should be suppressed because the 15-minute observation period required by the Texas Administrative Code could not have been observed given the evidence that Patin left the scene at 4:29 a.m. and spent 40 minutes performing various tasks before the test was administered at 4:57 a.m.

---

[1] While Patel's appeal was pending, the Department of Public Safety reorganized and revised the Breath Alcohol Testing Regulations. *See* 40 Tex. Reg. 129, 250–55 (2015). The 15-minute observation period is now governed by section 19.3 of the Texas Administrative Code. *See* 37 TEX. ADMIN. CODE § 19.3 (2015) (Dep't of Pub. Safety, Techniques and Methods), *adopted by* 40 Tex. Reg. 129, 252 (2015). For purposes of this opinion, our analysis is confined to the former section 19.4 which governed the procedures to be followed at the time Patel was arrested.

After a hearing, the trial court denied the motion and admitted the breath test results, which showed that Patel had a blood-alcohol concentration level of 0.179. The jury found Patel guilty.

## Discussion

In her sole issue, Patel contends that the trial court abused its discretion in admitting her breath test results because the evidence shows that the breath test operator failed to perform the 15-minute observation period required by the Department of Public Safety and then-effective section 19.4(c)(1) of the Texas Administrative Code.

## A. Standard of Review

When reviewing a trial court's ruling on a motion to suppress evidence, we apply a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Wiley v. State*, 388 S.W.3d 807, 815 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). We conduct a de novo review of the trial court's application of the law to historical facts. *Carmouche*, 10 S.W.3d at 327. But we give almost total deference to the trial court's determination of those facts that depend on the credibility of the evidence. *Id.*

Unless a trial court abuses its discretion by making a finding unsupported by the record or rendering a decision "outside the zone of reasonable disagreement," we defer to its findings and will not disturb them on appeal. *Flores v. State*, 177

S.W.3d 8, 14 (Tex. App—Houston [1st Dist.] 2015, pet ref'd); *Higginbotham v. State*, 416 S.W.3d 921, 924 (Tex. App—Houston [1st Dist.] 2013, no pet.). If the trial court does not enter findings of fact, we must "view the evidence in the light most favorable to the trial court's ruling" and "assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007).

**B.    Applicable Law**

"A breath specimen taken at the request or order of a peace officer must be taken and analyzed under the rules of the [D]epartment [of Public Safety] . . . ." TEX. TRANSP. CODE ANN. § 724.016 (West 2011). The rules for breath-alcohol-testing procedures are set forth in the Texas Administrative Code. *See* 37 TEX. ADMIN. CODE ch. 19 (2015). A presumption of admissibility applies when the procedures prescribed by the Department of Public Safety are followed. *See Reynolds v. State*, 204 S.W.3d 386, 390 (Tex. Crim. App. 2006); *Stevenson v. State*, 895 S.W.2d 694, 696 (Tex. Crim. App. 1995). Here, Patel contends that the State did not comply with one such rule. It stated in relevant part that

> [a]n operator shall remain in the presence of the subject at least 15 minutes before the [breath-alcohol] test and should exercise reasonable care to ensure that the subject does not place any substances in the mouth. Direct observation is not necessary to ensure the validity or accuracy of the test result . . . ."

*See* 37 TEX. ADMIN. CODE § 19.4(c)(1) (2014) (Tex. Dep't of Pub. Safety, Approval of Techniques, Methods, and Programs), *repealed by* 40 Tex. Reg. 129, 255 (2015).

## C.    Analysis

Patel contends that the trial court erred in admitting her breath test results because the evidence demonstrates that Patin did not comply with the mandatory 15-minute waiting period required by then-effective section 19.4(c)(1) of the Texas Administrative Code.  Patel argues that Patin could not have finished every task he claims he accomplished after leaving the scene that morning—driving to the station, checking in weapons, waiting for Officer Sampson, using the restroom— and observed the mandatory 15-minute waiting period because the video time stamp and Intoxilyzer time stamp indicated that only 28 minutes elapsed between the time he left the scene (4:29) and the time the test was administered (4:57).

We conclude that the trial court did not err in denying Patel's motion to suppress.  Patin unequivocally testified that he knew he complied with the 15-minute observation period because he used the stopwatch on his watch to ensure that 15 minutes elapsed before he administered Patel's breath test.  Patin's time estimates in response to cross-examination discredited his timeline—there was not enough time to perform each of the tasks he described if they indeed took as long as he estimated, observe the 15-minute waiting period, and administer the test by

6

4:57 a.m. However, there was no evidence that the car's time stamp was synchronized with the Intoxilyzer time stamp. *See Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007) (conflicting evidence should be resolved in favor of trial court's ruling on motion to suppress); *Howes v. State*, 120 S.W.3d 903, 907 (Tex. App.—Texarkana 2003, pet. ref'd) (stating that unless "the time stamp generated by the video camera [of the officer's patrol car] was synchronized with the internal clock in the intoxilyzer machine . . . [a reviewing court] cannot find that the trial court abused its discretion by denying a motion to suppress"). It was the trial court's province to resolve this conflict in the evidence, and we afford almost total deference to the trial court to determine the credibility of the evidence. *See Walker v. State*, 588 S.W.2d 920, 924 (Tex. Crim. App. 1979) (trial court determines whether officer's or appellant's version of events is true).

Giving the required deference to the trial court's credibility determination, we conclude that the trial court could have credited Patin's testimony that he observed the mandatory 15-minute waiting period using his stopwatch and reasonably concluded that Patin complied with section 19.4(c)(1) of the Texas Administrative Code. *See Serrano v. State*, 464 S.W.3d 1, 8 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (holding trial court did not abuse its discretion in denying motion to suppress where breath test operator testified that she knew she

performed mandatory 15-minute waiting period even though she could not specifically recall observing appellant).

We overrule Patel's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).