**909·15**

NO. _____          ORIGINAL

IN THE CORT OF CRIMINAL APPEALS

AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 22 2015

Abel Acosta, Clerk

FREDDIE J. FOREMAN

DEFENDANT - APPELLANT

VS.

THE STATE OF TEXAS

PLAINTIFF - APPELLEE


REC'D IN COURT OF APPEALS
12th Court of Appeals District

R

JUL 1 5 2015

EVIEW

TYLER TEXAS
CATHY S. LUSK, CLERK

REVIEW SOUGHT FROM THE 12TH. COURT OF APPEALS

NO. 12-14-00232-CR

FILED IN
COURT OF CRIMINAL APPEALS

JUL 22 2015

Abel Acosta, Clerk

APPEALLED FROM THE

349th. JUDICIAL DISTRICT COURT

HOUSTON COUNTY, TEXAS

CAUSE NO. 13CR-184

**THE HONORABLE MARK A. CALHOON**

**PRESIDING JUDGE**

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

FREDDIE JAMES FOREMAN
#925367 ELLIS UNIT
1697 FM 980
HUNTSVILLE, TEXAS
                    77343

**PRO SE**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES..........................................1

STATEMENT OF JURISDICTION.....................................2

STATEMENT OF THE CASE.........................................2

PROCEDURAL HISTORY............................................2

APPELLANT'S GROUND FOR REVIEW.................................3

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT ALLOWING APPELLANT'S REQUESTED JURY INSTRUCTION UNDER TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 38.23: EVIDENCE OBTAINED IN VIOLATION OF THE CONSTITUTION OR LAWS OF THE UNITED STATES OR THOSE OF TEXAS MAY NOT BE ADMITTED IN A CRIMINAL CASE. SEE TEX. CODE CRIM. PROC. ART. 38.23 INSTRUCTION.

ARGUMENT.....................................................3

PRAYER FOR RELIEF...........................................10

CERTIFICATE OF SERVICE......................................10

# INDEX OF AUTHORITIES

## STATE CASES

**ATKINSON V. STATE,**
    923 S.W.2d 21 (TX.CR.APP. 1996)........................3

**MADDEN V. STATE,**
    242 S.W 3d 504 (TEX.CR.APP.2007).......................5

## STATE STATUTES

TEXAS CODE CRIMINAL PROCEDURE ART. 38.23 (A)..............5

TEXAS CODE CRIMINAL PROCEDURE ART. 38.23.............3,5,8

TEXAS CODE CRIMINAL PROCEDURE ART. 18.01 (B)........6,7,8,9

TEXAS CODE CRIMINAL PROCEDURE ART. 18.06 (B)..............6

TEXAS RULE APP. PROC. ANN. 68.2 (VERN.2003)...............2

TEXAS RULE APP. PROC. ANN. 68.4 (VERN.2003)...............2

TEXAS RULE APP. PROC. ANN. 69.1 (VERN. 2003)..............9

## STATEMENT OF JURISDICTION

APPELLANT WAS CHARGED WITH THE OFFENSE OF POSSESSION OF A CONTROLLED SUBSTANCE ON SEPTEMBER 26,2013. APPELLANT WAS CONVICTED OF POSSESSION OF A CONTRILLED SUBSTANCE ON AUGUST 06,2014, AND WAS SENTENCED TO TWENTY (20) YEARS CONFINEMENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION, AND A TEN-THOUSAND DOLLAR FINE. NO MOTION FOR NEW TRIAL WAS FILED. NOTICE OF APPEAL WAS FILED AUGUST 06,2014. THE COURT OF APPEALS AFFIRMED APPELLANT'S CONVICTION ON JUNE 17,2015. NO MOTION FOR REHEARING WAS FILED. THIS COURT HAS JURISDICTION PURSUANT TO TEX. R. APP. P. ANN. 68.2(VERN. 2003).

## STATEMENT OF THE CASE

THIS APPEAL LIES FROM APPELLANT'S FELONY JURY TRIAL AND CONVICTION. THIS ISSUE BROUGHT FORWARD WAS DEVELOPED IN THE TRIAL COURT OR OTHERWISE APPEAR IN THE RECORD.

## PROCEDURAL HISTORY

APPELLANT RAISED ONE GROUND OF ERROR FOR REVIEW IN THE COURT OF APPEALS. THE COURT CONSIDERED THIS GROUND ON THE MERIT, AND DECIDED THE SAME ADVERSELY TO APPELLANT. THE COURT OF APPEALS RENDERED IT'S JUDGMENT ON JUNE 17,2015. NO MOTION FOR REHEARING WAS FILED. TEX. R. APP. P. ANN. 68.4(e) (VERN. 2003).

(PAGE TWO)

## APPELLANT'S GROUND FOR REVIEW

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT ALLOW-ING APPELLANT'S REQUESTED JURY INSTRUCTION UNDER TEX. CODE OF CRIMINAL PROCEDURE ARTICLE 38.23; EVIDENCE OBTAINED IN VIOLATION OF THE CONSTITUTION OR LAWS OF THE UNITED STATES, OR THOSE OF TEXAS MAY NOT BE ADMITTED IN A CRIMINAL CASE. SEE TEX. CODE CRIM. PROC. ANN. ART. 38.23 (A) (WEST 2005). APPELLANT DISAGREES WITH THE 12TH. COURT OF APPEALS ARGUE-MENT THAT APPELLANT WAS NOT ENTITLED TO AN ARTICLE 38.23 INSTRUCTION, AND AFFIRMED THE JUDGMENT OF THE TRIAL COURT.

## ARGUMENT

THIS COURT SHOULD GRANT THIS PETITION ON THE GROUND THAT THE TRIAL COURT ERRED BECAUSE THE EVIDENCE OBTAINED IN THIS CASE WAS ILLEGALLY SEIZED EVIDENCE, ARTICLE 38.23 (TEXAS EXCLUSIONARY RULE)); PERMITS THE JURY TO DISREGARD ILLEGALLY SEIZED EVIDENCE.

THE COURT IS REQUIRED TO INSTRUCT THE JURY TO DISREGARD INCRIMINATING EVIDENCE USED AGAINST THE DEFENDANT IF THE JURY BELIEVES OR HAS A REASONABLE DOUBT THAT THE EVIDENCE WAS OBTAINED IN VIOLATION OF THE LAW, ARTICLE 38.23. SEE **ATKINSON V. STATE,**923 S.W.2d 21 (TX.CR.APP.1996): WHEN A FACTUAL ISSUE IS RAISED, THE DEFENDANT HAS AN ABSOLUTE RIGHT TO AN INSTRUCTION.

IN THIS CASE, A FACTUAL ISSUE WAS RAISED IN THE ILLEGALITY OF THE SEIZED EVIDENCE. CROCKETT POLICE OFFICER, CLAYTON SMITH, FAILED TO PROVIDE THE APPELLANT WITH A COPY OF THE SEARCH WARRANT.

ON SEPTEMBER 26,2013, THURSDAY MORNING AT 7:20am., OFFICER C. SMITH AND FIVE OTHER OFFICERS CAME TO APPELLANT'S HOME AT 218 WOOD STREET, OFFICER C. SMITH STATED , MR. FOREMAN

(PAGE THREE)

WE HAVE A SEARCH WARRANT TO SEARCH YOUR HOUSE..

APPELLANT ASKED OFFICER C. SMITH FOR A COPY OF THE SEARCH WARRANT, OFFICER C. SMITH STATED, WE GOT IT. THE APPELLANT ASKED AGAIN IN HIS BEDROOM, OFFICER C. SMITH REPLIED, WE GOT IT. THIS WAS BEFORE BEFORE THE SEARCH BEGAN, AN HOUR LATER THE APPELLANT WAS ARRESTED AND CHARGED WITH POSSESSION OF A CONTROLLED SUBSTANCE WITHOUT A SEARCH WARRANT.

A WEEK AFTER APPELLANT WAS ARRESTED, THE APPELLANT SAW OFFICER C. SMITH AND GOT A COPY OF THE SEARCH WARRANT. THE APPELLANT REVIEWED THE SEARCH WARRANT AND NOTICED THE WORD COPY AT THE TOP OF THE SEARCH WARRANT, IN BIG RED LETTERS HE ALSO NOTICED THE DISTRICT CLERK OF HOUSTON COUNTY STAMP MARK AT THE TOP RIGHT HAND CORNER OF THE SEARCH WARRANT, IT STATES SEPTEMBER 27,2013 AT 9:43. APPELLANT ARGUES THAT OFFICER C. SMITH CAME TO APPELLANT'S HOME ON SEPTEMBER 26,2013 AT 7:20am.; STATING HE HAD A SEARCH WARRANT.

OFFICER C. SMITH DID NOT HAVE A SEARCH WARRANT UNTIL THE MORNING OF SEPTEMBER 27,2013 AT 9:43. THIS PROVES EVIDENCE WAS OBTAINED IN VIOLATION OF THE LAW. THE SEARCH WARRANT PROVES THAT OFFICER C. SMITH DID NOT PROVIDE THE APPELLANT WITH A COPY OF THE SEARCH WARRANT ON SEPTEMBER 26,2013, WHICH IS A THURSDAY.

THE APPELLANT CONTENDS, THE COPY OF THE SEARCH WARRANT THAT HE RECEIVED FROM OFFICER C. SMITH, A WEEK AFTER APPEL-LANT'S ARREST, HAS THE CLERK STAMP-MARK DATED SEPTEMBER 27,2013, WHICH IS A FRIDAY. IT IS IMPOSSIBLE FOR THE OFFICER TO GIVE THE APPELLANT A COPY OF THE SEARCH WARRANT ON THURSDAY, SEPTE-

MBER 26,2013.

APPELLANT ARGUED AT HIS TRIAL, THAT HE DID NOT RCEIVE A COPY OF THE SEARCH WARRANT ON HIS AMENDED MOTION TO SUPPRESS. THIS WAS FILED WITH THE COURT ON JULY 07,2014. THE MOTION WAS HEARD ON AUGUST 04,2014. THE JUDGE DENIED THE MOTION A DAY BEFORE TRIAL. AT TRIAL, ON AUGUST 05,2014, DEFENSE COUNSEL ASKED THE JUDGE FOR A JURY INSTRUCTION; CODE OF CRIM. PROC. ART. 38.23: THE EVIDENCE IN THIS CASE WAS OBTAINED ILLEGALLY.. WHEN EVIDENCE PRESENTED BEFORE THE JURY RAISES A QUESTION OF WHETHER THE FRUITS OF A POLICE-INITIATED SEARCH OR ARREST, WERE ILLEGALLY OBTAINED; "THE JURY SHALL BE INSTRUCTED THAT IF IT BELIEVES, OR HAS A REASONABLE DOUBT, THAT THE EVIDENCE WAS OBTAINED IN VIOLATION OF THE PROVISION OF THIS ARTICLE, THEN AND IN SUCH EVENT, THE JURY SHALL DISREGARD ANY SUCH EVIDENCE SO OBTAINED".

THE COURT OF CRIMINAL APPEALS HELD IN, **MADDEN V. STATE,** 242 S.W.3d 504 (TX.CR.APP.2007) WHEN A DISPUTED, MATERIAL ISSUE OF FACT IS SUCCESSFULLY RAISED, THE TERMS OF THE STATUTE ARE MANDATORY AND THE JURY MUST BE INSTRUCTED ACCORDINGLY. EVIDENCE TO JUSTIFY AN ARTICLE 38.23(A) INSTRUCTION CAN DERIVE "FROM ANY SOURCE" NO MATTER WHETHER "STRONG, WEAK, CONTRA-DICTORY, UNIMPEACHED OR UNBELIEVEABLE." BUT IT MUST, IN ANY EVENT, RAISE A FACTUAL DISPUTE ABOUT HOW THE EVIDENCE WAS OBTAINED" APPELLANT ARGUES HE RAISED A FACTUAL DISPUTE ABOUT HOW THE EVIDENCE WAS OBTAINED WITHOUT A SEARCH WARRANT UNDER CHAPTER 18.(R.R., VOL.1, p. 185).

AT TRIAL, OFFICER C. SMITH TESTIFIED THAT, HE GAVE THE APPELLANT A COPY OF THE SEARCH WARRANT ON SEPTEMBER 26,2013, AT APPELLANT'S HOME, AND AT THE JAIL.(R.R. VOL. 1 p. 122).

THE SEARCH WARRANT, ITSELF, SHOWS THAT OFFICER C. SMITH IS NOT TELLING THE TRUTH.

THE DISTRICT CLERK'S STAMP-MARK STATES SEPTEMBER 27,2013 AT 9:43 ON A FRIDAY MORNING. APPELLANT ARGUES THAT OFFICER C. SMITH AND FIVE OTHER OFFICERS CAME TO HIS RESIDENCE ON SEPTEMBER 26,2013 AT 7:20am. WHICH IS A THURSDAY.

THE COPY OF THE SEARCH WARRANT IS TWENTY-SIX (26) HOURS LATE. THIS PROVES THAT APPELLANT WAS NOT SERVED A COPY OF THE SEARCH WARRANT BY OFFICER C. SMITH ON THURSDAY MORNING SEPTEMBER 26,2013 AT 7:20am.

IT IS ILLEGAL FOR A POLICE OFFICER, OR OFFICERS, TO COME TO A PERSON'S HOME AND STATE, I HAVE A SEARCH WARRANT TO SEARCH YOUR HOME AND NEVER PRODUCE THE SEARCH WARRANT UNTIL DAYS LATER.

APPELLANT ARGUES THE TEX. CODE OF CRIM. PROC. CHAPTER 18, ARTICLE 18.06, WAS VIOLATED IN THIS CASE, SEE SECTION (B) OF THIS ARTICLE WHICH STATES, ON SEARCHING THE PLACE ORDERED TO BE SEARCHED, THE OFFICER EXECUTING THE WARRANT SHALL PRESENT A COPY OF THE WARRANT TO THE OWNER OF THE PLACE, IF HE IS PRESENT. THE APPELLANT WAS AT HOME, BUT, DID NOT RECEIVE A COPY SEARCH WARRANT.

MOREOVER, OFFICER C. SMITH DOES NOT MEET THE REQUIREMENTS TO OBTAIN A SEARCH WARRANT IN THIS CASE. OFFICER C. SMITH VIOLATED TEX. CODE OF CRIM. PROC. CH. 18, ART. 18.01, SECTION (B), WHICH STATES:

(PAGE SIX)

"NO SEARCH WARRANT MAY NOT ISSUE FOR ANY PURPOSE IN THIS STATE UNLESS SUFFICIENT FACTS ARE FIRST PRESENTED TO SATISFY THE ISSUING MAGISTRATE THAT PROBABLE CAUSE DOES IN FACT EXISTS FOT ITS ISSUING. A SWORN AFFIDAVIT SETTING FORTH SUBSTANTIAL FACTS ESTABLISHING PROBABLE CAUSE SHALL BE FILED IN EVERY INSTANCE IN WHICH A SEARCH WARRANT IS REQUESTED. EXCEPT AS PROVIDED BY ARTICLE 18.011, THE AFFIDAVIT IS PUBLIC INFORMATION IF EXECUTED, AND THE MAGISTRATE'S CLERK SHALL MAKE A COPY OF THE AFFIDAVIT AVAILABLE FOR PUBLIC INSPECTION IN THE CLERK'S OFFICE DURING NORMAL BUSINESS HOURS.

IN THE PRESENT CASE, OFFICER C. SMITH'S SWORN AFFIDAVIT IS NOT IN PLACE: HIS SWORN AFFIDAVIT IS NOT FILED UNTILTWO-DAYS (2) AFTER THE SEARCH WARRANT WAS ISSUED. THE SEARCH WARRANT WAS ALLEGEDLY ISSUED TO OFFICER C. SMITH ON SEPTEMBER 25,2013 AT 4:25pm. HIS SWORN AFFIDAVIT IS NOT FILED UNTIL SEPTEMBER 27,2013 AT 9:43; HIS SWORN AFFIDAVIT IS FILED TWO-DAYS (2) LATER.

OFFICER CLAYTON SMITH, AND FIVE OTHER OFFICERS, CAME TO APPELLANT'S HOUSE ON SEPTEMBER 26,2013 AT 7:20am, ALLEGING THEY HAD A SEARCH WARRANT. OFFICER C. SMITH DOES NOT HAVE A FILED SWORN AFFIDAVIT IN PLACE, WHICH IS USED TO OBTAIN A SEARCH WARRANT. APPELLANT WAS ARRESTED ON SEPTEMBER 26,2013. OFFICER C. SMITH'S SWORN AFFIDAVIT TO OBTAIN A SEARCH WARRANT IS NOT FILED UNTIL SEPTEMBER 27,2013 AT 9:43.. ACCORDING TO ARTICLE 18.01, SECTION (B), OFFICER C. SMITH'S SWORN AFFIDAVIT SHOULD HAVE BEEN FILED BEFORE THE SEARCH WARRANT WAS ISSUED, IT IS NOT, IT IS FILED TWO-DAYS AFTER THE SEARCH

WARRANT WAS ISSUED. THIS VIOLATED ARTICLE 18.01 OF CHAPTER 18, CODE OF CRIM. PROC., BECAUSE OFFICER C. SMITH'S SWORN AFFIDAVIT WAS NOT FILED WITH THE DISTRICT CLERK'S OFFICE BEFORE THE SEARCH WARRANT WAS ISSUED IN THIS CASE.

THE PROCEDURE OUTLINED IN ARTICLE 18.01, SECTION (B), HAPPENS FIST BEFORE A SEARCH WARRANT IS ISSUED. THE 12TH. COURT OF APPEALS STATED IN IT'S OPINION AT PAGE THREE: WE NOTE THAT THE SEARCH WARRANT IS NOT IN THE APPELLATE RECORD. THEREFORE, THE COURT OF APPEALS DID NOT REVIEW THE APPELLANT'S SEARCH WARRANT WHICH WOULD HAVE SHOWN THAT APPELLANT DID NOT GET A COPY OF THE SEARCH WARRANT ON SEPTEMBER 26,2013. THE APPEALS COURT ALSO NOTED , AT PAGE THREE,OF IT'S OPINION THAT APPELLANT'S MOTION TO SUPPRESS WAS NEVER RULED UPON. HOWEVER, THIS IS NOT TRUE. APPELLANT FILED TWO-MOTIONS TO SUPPRESS THE. THE FIRST MOTION WAS INCORRECT. THE SECOND MOTION WAS HEARD ON AUGUST 04,2014; AMENDED MOTION TO SUP-PRESS. IT WAS FILED JULY 07,2014, WITH THE COURT NOT THE CLERK. IT WAS DENIED BY THE HONORABLE JUDGE MARK A. CALHOON AUGUST 04,2014.

IMPORTANT DOCUMENTS AND TRIAL RECORDS WERE LEFT OUT OF THIS APPEAL FOR SOME REASON. THE AMENDED MOTION TO SUPPRESS ARGUED THAT APPELLANT WAS DENIED A COPY OF THE SEARCH WARRANT AND THE POLICE OFFICERS VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS, ARTICLE ONE, SECTION NINE OF THE TEXAS CONSTITUTION AND UNDER ARTICLE 38.23 CODE OF CRIM. PROC.. DEFENSE ALSO ARGUED AT TRIAL THAT APPELLANT WAS DENIED A COPY OF THE SEARCH WARRANT AND A JURY INSTRUCTION 38.23 IS REQUIRED (R.R. VOL. 1, p. 185).

THE APPEALS COURT DID NOT HAVE THE SEARCH WARRANT, OFFICER C, SMITH'S SWORN AFFIDAVIT, AMENDED MOTION TO SUPPRESS, THE REPORTER RECORDS WAS NOT EVER MADE TO THE AMENDED MOTION TO SUPPRESS HEARING; THAT WAS HELD ON AUGUST 04,2014.

THERE IS TO MANY COURT RECORDS AND DOCUMENTS MISSING IN THIS APPEAL FOR THE APPEALS COURT TO MAKE A DECISION THAT APPELLANT WAS NOT ENTITLED TO TO AN ARTICLE 38.23 INSTRUCTION. DEFENSE COUNSEL RAISED A FACTUAL DISPUTE IN THIS AMENDED MOTION TO SUPPRESS AND DURING TRIAL;"MY CLIENT WAS NOT SERVED A SEARCH WARRANT UNDER CHAPTER 18 (R.R., VOL. 1, p. 185).

THIS COURT SHOULD GRANT APPELLANT'S PETITION FOR DISCRETIONARY REVIEW ON THIS GROUND, AND ORDER A FULL BRIEF ON THE MERIT. TEX. RULE APP. P. ANN. 69.1 (VERN. 2003).

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, APPELLANT PRAYS THIS HONOR-
ABLE COURT TO CONSIDER THIS GROUND FOR REVIEW RAISED HEREIN,
TO GRANT THIS PETITION FOR DISCRETIONARY REVIEW, AND TO ORDER
A FULL AND COMPLETE HEARING ON THE MERIT, AND WITH BRIEF.


RESPECTFULLY SUBMITTED,

*Freddie James Foreman*

FREDDIE JAMES FOREMAN
#925367 ELLIS UNIT
1697 FM 980
HUNTSVILLE, TEXAS 77343

PRO SE


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 13th DAY OF JULY 2015, A TRUE
AND CORRECT COPY OF THE FOREGOING PETITION WAS MAILED TO
THE 12th. COURT OF APPEALS, CLERK CATHY S. LUSK AND ANOTHER
MAILED TO THE HOUSTON COUNTY DISTRICT ATTORNEY'S OFFICE,
ANOTHER MAILED TO THE STATE PROSECUTING ATTORNEY, AT P.O.
BOX 12405, CAPITOL STATION, AUSTIN, TEXAS 78711.


*Freddie James Foreman*

FREDDIE JAMES FOREMAN


(PAGE TEN)

# NO. 12-14-00232-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FREDDIE JAMES FOREMAN,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Freddie James Foreman appeals his conviction for possession of a controlled substance. In his sole issue on appeal, Appellant contends that the trial court erred in denying his requested jury instruction under Texas Code of Criminal Procedure Article 38.23. We affirm.

## BACKGROUND

In 2013, Appellant and his nephew lived in a mobile home in Crockett, Texas. Crockett Police Department officers believed that Appellant's nephew committed several burglaries and thefts. They obtained a search warrant and executed it at the mobile home while Appellant and his nephew were present. When the officers initially entered the residence, they did not believe that Appellant was a suspect. However, while talking with Appellant in his bedroom prior to searching the home, the officers noticed several small baggies in plain view on the bedroom floor. These baggies were the type commonly used for packaging small quantities of narcotics for sale. The officers also noticed a hasp on Appellant's bedroom door, which they believed to be unusual inside a residence. Appellant told officers that his nephew was not allowed in his room, and that there was no need to search it.

The officers searched Appellant's bedroom and quickly discovered cocaine located in a sock. The officers told Appellant they discovered cocaine in his bedroom, and Appellant's immediate reply was to ask how much cocaine they found. One of the officers then asked

Appellant about the baggies they discovered, and Appellant replied that the baggies held cookies he consumed. Appellant then stated that his nephew could have gone in his room without his permission, implying that the cocaine belonged to his nephew.

Appellant was arrested and indicted for possession of a controlled substance, namely cocaine, in an amount of one gram or more, but less than four grams. The punishment level was raised to that of a second degree felony because of a prior felony conviction. Appellant pleaded "not guilty" to the charged offense and "true" to the enhancement paragraph. The jury sentenced Appellant to twenty years of imprisonment and assessed a $10,000.00 fine. This appeal followed.

## JURY INSTRUCTION

In his sole issue on appeal, Appellant contends that the trial court erred in denying his requested jury instruction under Texas Code of Criminal Procedure Article 38.23.

### Standard of Review and Applicable Law

Under Article 38.23, evidence obtained in violation of the Constitution or laws of the United States or those of Texas may not be admitted in a criminal case. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). If a fact issue is raised about whether evidence was improperly obtained in this manner, the jury shall be instructed to disregard evidence that it finds was obtained in violation of the United States or Texas Constitution or laws. *See id.*

A defendant's right to the submission of an Article 38.23 jury instruction is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007) (citing *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000)). To be entitled to an Article 38.23 jury instruction, the defendant must establish that (1) the evidence heard by the jury raises an issue of fact, (2) the evidence on that fact is affirmatively contested, and (3) the contested factual issue is material to the lawfulness of the challenged conduct. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012). If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone as a question of law. *Madden*, 242 S.W.3d at 510. "The disputed fact must be an essential one in deciding the lawfulness of the challenged conduct." *Id.* at 511.

### Discussion

Appellant contends in his brief that the officers had no probable cause to search his bedroom, and that the officers exceeded the scope of the search warrant. Appellant did not provide

any analysis in his brief showing that the evidence raised an issue of material fact on these issues. However, he cited various pages of the record he believed supports his argument. At trial, he asked for an Article 38.23 instruction based on "the pictures being changed, the material being placed. That the scope was exceeded and the fact [that Appellant was not] served a search warrant under Rule 18."

The issue of whether the officers had probable cause to search his room was not a contested issue of material fact at trial. Appellant filed a pretrial motion to suppress evidence stating generally that the officers violated his state and federal constitutional rights pertaining to search and seizure, along with his rights under Texas Code of Criminal Procedure Article 38.23. However, he never obtained a ruling on the motion, and the issue was not litigated at a pretrial hearing or at the trial itself. Consequently, the issue of probable cause was not affirmatively contested, and Appellant was not entitled to an Article 38.23 instruction on that basis. *See Madden*, 242 S.W.3d at 510. Moreover, since the facts do not raise the issue of probable cause to search his room, the issue was to be decided by the trial court as a question of law. *See id.*

With regard to Appellant's remaining argument concerning the scope of the search warrant, we note that the search warrant is not in the appellate record, nor was it admitted into evidence at trial. The detective who obtained the warrant testified that the warrant directed him to search the residence at the specified address. He was not asked whether it covered the entire residence or only a portion of it. None of the testimony or other evidence raised the issue concerning the search warrant's scope. Therefore, an Article 38.23 instruction was not required on this ground. *See id.*

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 17, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 17, 2015

NO. 12-14-00232-CR

**FREDDIE JAMES FOREMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 13CR-184)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

Freddie Foreman #925367
Ellis "Unit
1697 FM 980
Huntsville, Texas 77343

LEGAL

13 JUN

Cathy S. Lusk, clerk
12th Court of Appeals
1517 W. Front Street Suite 354
Tyler, Texas 75702